SPRUTE *v.* HERLIHY MID-CONTINENT COMPANY
ZEITZ *v.* SEALED POWER CORPORATION

1. WORKMEN'S COMPENSATION—INCURABLE INSANITY—TYPE OF TEST —PURPOSE.

   The test for insanity in the area of workmen's compensation should not be similar to the test used in criminal law or probate law; "incurable insanity" when used in the field of social legislation is designed to compensate, not to incarcerate.

2. WORKMEN'S COMPENSATION—INCURABLE INSANITY—TYPE OF TEST —FITNESS TO WORK.

   A test for incurable insanity in the workmen's compensation field should encompass the situation where the employee's permanent disabling condition is of such a nature that the employee is unfit to work.

3. WORKMEN'S COMPENSATION—INCURABLE INSANITY—TYPE OF TEST —UNRELIABILITY—RESTRICTIVE TEST.

   A test for incurable insanity under the Workmen's Compensation Act which limits recovery to cases where an injury affects or destroys the workman's mental capacity to the degree that he is deranged and unfit to be employed because of the unreliability of his behavior with concomitant danger to himself and others is too restrictive.

4. WORKMEN'S COMPENSATION—INCURABLE INSANITY—TEST—FITNESS TO WORK—PRINCIPLES.

   The test for determining incurable insanity under the Workmen's Compensation Act is a broad definition which is consistent with the basic principle that the employee's disabling condition makes him unfit for employment and which is designed to permit the fact finder to allow compensation only when the injury has affected the employee's mental capacity to the extent that it precludes him from gainful employment (MCLA § 412.10[b][6]).

REFERENCE FOR POINTS IN HEADNOTES
[1–5] 58 Am Jur, Workmen's Compensation § 503.

5. WORKMEN'S COMPENSATION — INCURABLE INSANITY — TEST — DIS-
ABLING PROPORTION—GAINFUL EMPLOYMENT.

An employee is incurably insane under the Workmen's Compensation Act if the occupationally-related mental or emotional illness which impairs the employee's mental process is of totally disabling proportions and is likely to be of long and indefinite duration, thus making gainful employment impossible (MCLA § 412.10[b][6]).

Appeals from the Workmen's Compensation Appeal Board. Submitted March 2, 1971, at Detroit. (Docket Nos. 9058, 9183.) Decided April 22, 1971. Leave to appeal denied, 385 Mich 784.

Raymond Sprute presented his claim for workmen's compensation benefits against Herlihy Mid-Continent Company, Bituminous Casualty Company, and the Second Injury Fund. The Workmen's Compensation Appeal Board affirmed the referee's award of benefits to plaintiff Sprute. Defendants appeal. (No. 9058.)

Sarah G. Zeitz presented her claim for workmen's compensation benefits against Sealed Power Corporation, American Mutual Liability Company, and the Second Injury Fund. The Workmen's Compensation Appeal Board reversed the referee's award of benefits and denied plaintiff's claim. Plaintiff appeals. (No. 9183.) Cases consolidated. Affirmed as to plaintiff Sprute; remanded as to plaintiff Zeitz.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiffs.

*Cholette, Perkins & Buchanan (Edward D. Wells,* of counsel), for defendants Herlihy Mid-Continent Company, Bituminous Casualty Company, Sealed Power Corporation, and American Mutual Liability Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John J. Long,* Assistant Attorney General, for defendant Second Injury Fund.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

BRONSON, J. These cases involve the issue of what constitutes "incurable insanity" under the Workmen's Compensation Act. MCLA § 412.10(b) (6) (Stat Ann 1968 Rev § 17.160[b][6]).[1]

The record discloses that both plaintiffs had been receiving compensation for 500 weeks as the result of personal injuries which arose out of and in the course of their employment. The controversy relates to the appeal board's disposition of plaintiffs' cases wherein both plaintiffs sought additional compensation for total and permanent incapacity on the grounds of incurable insanity. MCLA § 412.10(b) (6) (Stat Ann 1968 Rev § 17.160[b][6]).[2]

The referee found that both plaintiffs were incurably insane and thus entitled to compensation for total and permanent disability. On appeal to the Workmen's Compensation Appeal Board, the referee's decision as to plaintiff Sprute was affirmed,

---

[1] Replaced by MCLA 1971 Cum Supp § 418.361(2)(f) (Stat Ann 1971 Cum Supp § 17.237[361][2][f]). The Legislature has subsequently enacted the Workmen's Compensation Act of 1969. MCLA 1971 Cum Supp § 418.101 *et seq.* (Stat Ann 1971 Cum Supp § 17.237 [101] *et seq.*). Since the instant cases were decided under the prior act, and further noting no substantive changes in the sections relevant to these cases, the discussion will relate to the prior statute. Appropriate cross-references to the Workmen's Compensation Act of 1969 may be found in the conversion tables located in the cumulative supplements.

[2] If the parties are found to be incurably insane under MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17.160[b][6]), they may, subject to the limitations and requirements of MCLA § 412.9 (Stat Ann 1968 Rev § 17.159), be entitled to compensation for "the duration of such permanent and total disability".

but the referee's determination as to plaintiff Zeitz was reversed. From these dispositions the cases come to our Court on appeal.

Attempting to avoid confusion, we shall deal with the specifics of each case seriately. Before proceeding, we shall address ourselves to a matter common to both cases; that is, the meaning to be applied to the statutorily provided disability of "incurable insanity". No reported case law has been found in this state interpreting the meaning of "incurable insanity" as set forth in MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17.160[b][6]).

However, in *Savior Borg* v. *Fisher Body Division of General Motors Corporation* (1969), W.C.O. 1246, 1258, the following test for determining incurable insanity was established by the Workmen's Compensation Appeal Board:

"* * * when an employee is possessed of sufficient mental capacity to enter into a contract of employment and does satisfactorily perform the work assigned and later suffers injury during the course of such employment, which affects or destroys his mental capacity to the degree that he is deranged and unfit to be employed because of the unreliability of his behavior with concomitant danger to himself and others, he is insane within the meaning of the term as used in the workmen's compensation statute."

It is this definition of incurable insanity, presently challenged in these appeals, on which the appeal board relied in deciding the two cases presently before this Court. Defendants argue that the *Borg* test is unduly broad. Defendants urge this Court to establish a test for "incurable insanity" similar to the tests which exist in other areas of the law (*i. e.,* criminal law, civil commitment, testamentary capacity, *etc.*). Although plaintiff Sprute does not

specifically challenge the *Borg* test, which was incorporated by the appeal board in deciding that Sprute was incurably insane, plaintiff Zeitz argues that the *Borg* test of incurable insanity is too narrow and inconsistent with the legislative intent.

We cannot accept defendants' contention that the test for insanity in the area of workmen's compensation law should be similar to the test utilized in the areas of criminal law or probate law. We subscribe to the view expressed by the majority in *Borg* (p 1260) that incurable insanity "in this field of social legislation  *  *  *  is designed to compensate and not to incarcerate for the injury received". The guiding principle, when attempting to provide a test for incurable insanity in the area of workmen's compensation law, is that the test should encompass the situation where the employee's permanent disabling condition is of such a nature that the employee is unfit to work.

With this principle in mind, we reject the test announced by the appeal board in *Borg* because we believe that the test is too restrictive. Although a portion of the test established in *Borg* is consistent with the above-mentioned principle, the phrase "because of the unreliability of his behavior with concomitant danger to himself and others" is too restrictive.[3]

Having rejected the *Borg* test for incurable insanity as being too restrictive, we shall attempt to formulate a test to be used in future cases. In providing a test for incurable insanity under The Workmen's Compensation Act, we believe that the

---

[3] We do not mean to imply that the unreliability of an employee's behavior and the concomitant danger to himself and others are not factors which may properly be considered in determining the issue of incurable insanity. But we do reject the premise that this situation presents the only basis for determining that the employee is unfit for work.

best approach is to present a broad definition, consistent with the basic principle that the employee's disabling condition makes him unfit for employment. Such a test would be designed to permit the fact finder to allow compensation only when the injury has affected the employee's mental capacity to the extent that it precludes him from gainful employment.

Clearly, incurable insanity would include persons who are required to be institutionalized and removed from society as the result of their work-related injury. Contrariwise, we do not believe that the legislature would intend that an employee suffering from nervous indigestion should be considered incurably insane under MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17.160[b][6]). As pointed out in the *Borg* opinion, it is the gray area between these extremes to which a workable test must address itself.

We believe the following test is broad enough to be consistent with the basic principle involved so as to guide the fact finders in making their determination. An employee is incurably insane under MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17-.160[b][6]) if the occupationally-related mental or emotional illness[4] which impairs the employee's mental processes is of totally disabling proportions and is likely to be of long and indefinite duration, thus making gainful employment impossible.[5]

---

[4] The employee's incapacity must, of course, result from an injury arising out of and in the course of his employment. MCLA § 412.1 (Stat Ann 1968 Rev § 17.151).

[5] We note that although a redetermination must be made at the end of 800 weeks for an employee previously found to be incurably insane, MCLA § 412.9 (Stat Ann 1968 Rev § 17.159), we are of the opinion that if the employer or carrier believed that the employee's condition has changed prior to this time, they may request that the employee submit to an examination as provided by MCLA § 412.19 (Stat Ann 1968 Rev § 17.169).

With this test in mind, we address ourselves to the cases presently before us. In *Sprute,* using the more restrictive test as announced in *Borg,* the finders of fact held that plaintiff was totally and permanently disabled because he was incurably insane under MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17.160[b][6]). We sustain this finding of fact because it is supported by competent evidence[6] and because the findings support a conclusion that Sprute would be incurably insane under the broader test announced in this opinion.[7]

With respect to the appeal board's decision as to plaintiff Zeitz, in which the board found plaintiff not to be incurably insane under the restrictive test established in *Borg,* we remand the case pursuant to MCLA § 413.12 (Stat Ann 1968 Rev § 17.186) for a

---

6 MCLA § 413.12 (Stat Ann 1968 Rev § 17.186).

7 Although the Workmen's Compensation Appeal Board found plaintiff to be incurably insane within the meaning of MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17.160[b][6]), the appeal board limited the employer's liability to a period not to exceed 800 weeks:

"Plaintiff's injury occurred prior to the effective date of Act #195 of Public Acts of 1956, but after Act #175 of 1954 which listed incurable insanity as constituting permanent and total disability. The employer's total liability for payment of weekly compensation is therefore limited in any event to a period not to exceed 800 weeks from the date of injury. (Act #198 of Public Acts of 1953 and Act #175 of 1954, which were in effect at the time of plaintiff's injury)".

While it is accurate to state, for the reasons given, that the employer's liability shall not exceed 800 weeks, it does not mean that plaintiff Sprute would be unable to receive compensation for a longer period. Since plaintiff's injury occurred on February 3, 1956, PA 1955, No 250 (effective June 25, 1955) would be applicable. PA 1955, No 250 changed PA 1954, No 175, which had limited compensation for total disability to 800 weeks maximum. Under PA 1955, No 250, although a conclusive presumption existed that 800 weeks was the maximum disability, at the expiration of this period a further determination is to be made "in accordance with the fact as the fact may be at that time". If the employee remains incurably insane, payments are to be made from the Second Injury Fund "for the duration of such permanent and total disability according to the full rate provided in the schedule of benefits." PA 1955, No 250. See MCLA § 412.9 (Stat Ann 1968 Rev § 17.159).

redetermination on the issue of incurable insanity. On remand, the determination is to be made on the basis of the test for incurable insanity which has been set forth in this opinion.

All concurred.