WELCH v JACKSON COUNTY ROAD COMMISSION

GUNTRIP v HASTINGS MANUFACTURING COMPANY

WORKMEN'S COMPENSATION—EMPLOYER'S LIABILITY—TOTAL DISABILITY
—SECOND INJURY FUND—DATE OF INJURY—STATUTORY AMEND-
MENTS.

An employer remains liable for the amount of benefits provided
by the Workmen's Compensation Act at the time of the injury
to an employee where the disability of an employee is total and
permanent, and the liability of the employer is for the duration
thereof as to all benefits in effect at the time of the injury; the
Second Injury Fund is liable only for the differential benefits
which have accrued to an employee by amendments to the act
subsequent to the date of injury.

Appeals from the Workmen's Compensation Ap-
peal Board. Submitted Division 2 December 6,
1973, at Lansing. (Docket Nos. 16075, 17002.) De-
cided January 17, 1974. Leave to appeal denied,
392 Mich 757.

Application by John Welch for hearing and
adjustment of his claim for workmen's compensa-
tion benefits against Jackson County Road Com-
mission, Michigan Mutual Liability Company, and
the Second Injury Fund. Compensation for total
and permanent disability awarded. Defendants
Jackson County Road Commission and Michigan
Mutual Liability Company appeal. Affirmed.
(Docket No. 16075.)

Application by Jacqueline Guntrip for hearing

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 296.

and adjustment of her claim for workmen's compensation benefits against Hastings Manufacturing Company, Employers Mutual Liability Insurance Company, and the Second Injury Fund. Compensation for total and permanent disability awarded. Defendants Hastings Manufacturing Company and Employers Mutual Liability Insurance Company appeal. Affirmed. (Docket No. 17002.)

*McCroskey, Libner, VanLeuven, Kortering, Cochrane & Brock, P. C.,* (by *Seymour L. Muskovitz),* for plaintiff Guntrip.

*Foster, Lindemer, Swift & Collins, P. C.* (by *David C. Coey* and *Philip T. Carter),* for defendants Jackson County Road Commission and Michigan Mutual Liability Company.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells),* for defendants Hastings Manufacturing Company and Employers Mutual Liability Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David J. Watts, William J. Szykula* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second Injury Fund.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

PER CURIAM. Appellants in both of these cases seek reversal of the decisions of the Workmen's Compensation Appeal Board which decided the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

sources from which plaintiffs were to be compensated for total and permanent disability benefits.

The main issue raised on appeal in both cases questions the priority of liability between employers and the Second Injury Fund. In the *Welch* appeal, it was conceded that the plaintiff was totally and permanently disabled within the meaning of the statute. In *Guntrip,* appellants questioned the manner in which plaintiff was determined to be incurably insane. MCLA 412.10(b)(6); MSA 17.160(b)(6). A review of the appeal board's opinion discloses that they correctly applied the standards of *Sprute v Herlihy Mid-Continent Co,* 32 Mich App 574; 189 NW2d 89 (1971), in concluding that plaintiff Guntrip was "incurably insane".

The common question remaining in these cases relates to the primary liability for compensation payments to employees who are totally and permanently disabled. This issue has been recently resolved through the decision of *Miller v Dunn Paper Co,* 47 Mich App 471; 209 NW2d 519 (1973), wherein it was held:

"The relevant holding of the appeal board here is the correct holding in the law, namely that the employer was and remains liable for the amount of benefits provided by the act at the time of the injury and because the disability is total and permanent for the duration thereof. The fund is liable for the differential benefits which have accrued to plaintiff by reason of amendments subsequent to the effective date of 1956 PA 195. As to this issue then we affirm the board also." *Miller, supra,* p 478.

Although such a conclusion is arguably inconsistent with a statement made in the *Sprute* decision:

"While it is accurate to state, for the reasons given, that the employer's liability shall not exceed 800 weeks,

it does not mean that plaintiff Sprute would be unable to receive compensation for a longer period. Since plaintiff's injury occurred on February 3, 1956, PA 1955 No 250 (effective June 25, 1955) would be applicable. PA 1955, No 250 changed PA 1954, No 175, which had limited compensation for total disability to 800 weeks maximum. Under PA 1955, No 250, although a conclusive presumption existed that 800 weeks was the maximum disability, at the expiration of this period a further determination is to be made 'in accordance with the fact as the fact may be at that time.' If the employee remains incurably insane, payments are to be made from the Second Injury Fund 'for the duration of such permanent and total disability according to the full rate provided in the schedule of benefits.'" *Sprute, supra,* p 580, fn 7.

We feel that the explanation given in *Miller* offers a more completely reasoned conclusion, and, therefore, place our reliance upon *Miller.*

These cases are, therefore, affirmed on the authority of *Miller, supra,* and appellants are accordingly ordered to reimburse appellees for payments made by the appellees during the pendency of this suit. No costs are assessable, a public question being involved.