McDOWELL v FORD MOTOR COMPANY

1. Workmen's Compensation—Appeal and Error—Dismissal of Appeals—No Progress.

    The Workmen's Compensation Act has no express provision for dismissal of appeals in which no progress has been made; therefore, a referee's decision which, in effect, denied a plaintiff's claim for lack of progress was improper.

2. Workmen's Compensation—Appeal and Error—Incurable Insanity.

    A plaintiff's claim that she was entitled to workmen's compensation benefits pursuant to the incurable insanity provisions of the Workmen's Compensation Act was not ripe for review where the issue was first raised on appeal to the Court of Appeals and neither the hearing referee nor the Workmen's Compensation Appeal Board had passed upon the issue (MCLA 412.10[b] [6]).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 March 6, 1974, at Detroit. (Docket No. 17622.) Decided May 31, 1974.

Claim by Rose McDowell against Ford Motor Company and the Second Injury Fund for additional workmen's compensation benefits. Additional compensation denied. Plaintiff appeals by leave granted. Reversed and remanded with instructions.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

---

References for Points in Headnotes
[1] 58 Am Jur, Workmen's Compensation § 535.
[2] 58 Am Jur, Workmen's Compensation § 534.

*William J. Devers, Jr.,* and *Carl G. Meyers,* for defendant Ford Motor Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *L. Graham Ward, Joseph M. Binno,* and *A. C. Stoddard,* Assistants Attorney General, for the Second Injury Fund.

Before: DANHOF, P. J., and BRONSON and BOYLE,* JJ.

BRONSON, J. This appeal is before us on application for leave to appeal which we granted on September 20, 1973. The injury upon which the plaintiff bases her claim occurred on February 13, 1957. Plaintiff was paid benefits voluntarily by defendant Ford Motor Company for approximately 500 weeks.

Determination of this appeal requires that the dates and results of the prior proceedings be described. Plaintiff filed an application for further benefits which was heard on March 20 and April 5, 1968. Decision of the referee was rendered April 22, 1968, and mailed May 20, 1968. The referee found the plaintiff to be totally disabled presently but found the proofs were either insufficient or failed to show the existence of total and permanent disability under §§ 10(b)(6) or 10(b)(7) of the act. MCLA 412.10(b)(6) and (7); MSA 17.160(b)(6) and (7).

In a split decision the appeal board, finding the proofs inadequate, on September 15, 1970, remanded the case to the referee "for a proper presentation of the case upon which the referee shall decide the issues involved". We observe that at this stage the dissenters concluded that the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

record included the plaintiff's testimony and certain medical reports stipulated into the record by the parties.

On remand the parties disagree as to the exact events and responsibility. One hearing was scheduled by plaintiff on June 3, 1971, but this was never actually held. The referee, on September 22, 1971, after approximately one year without any further hearing, entered a second decision, which we have set forth in the margin.[1] In effect, the referee denied plaintiff's claim for lack of progress. On appeal to the Workmen's Compensation Appeal Board the referee's decision was affirmed. After reviewing the procedural history of the case, in their opinion the board held, *inter alia:*

"A review of this record can only lead to the conclusion that if the proofs were inadequate after the original hearing five (5) years ago (so found by the Board in 1970), they remain unsupplemented and just as inadequate today. The Board's remanding for 'a proper presentation of the case' was an unambiguous direction. The Hearing Referee held jurisdiction for a full year and seeing no attempt in progress to bring the matter to a conclusion, issued his denial.

"It is a truism that a plaintiff in workmen's compensation has the burden of carrying forward his proofs. This not having been done in this case, despite ample opportunity, we here affirm the Referee's decision that this plaintiff has failed to establish her entitlement to permanent and total disability benefits."

Unfortunately, due to the record presented, this appeal will not finally resolve the matter for the plaintiff. We cannot place responsibility, nor

---

[1] "[T]hat plaintiff, having failed to furnish any additional proofs or to arrange for the furnishing of such proofs, in accordance with the order of the Workmen's Compensation Appeal Board, dated September 15, 1970, she has failed to establish that she is totally and permanently disabled or that she is entitled to further weekly benefits."

should we, but we observe that in the future every effort should be made by the parties to expedite the parties' claims for compensation.

Both the Court of Appeals (GCR 1963, 818) and the Michigan Supreme Court (GCR 1963, 863) make provision for dismissal of appeals in which no progress has been made. The Workmen's Compensation Act[2] has no such express provision. Florida provides that all testimony must be completed within eight months. See, generally, *State, ex rel LaFratta v Stack,* 235 So 2d 491 (Fla, 1970). In his treatise on workmen's compensation law, Arthur Larson comments that, "If the state does not have a 'no-progress rule', it may happen, as in a Michigan case *[Barger v City of Saginaw,* 358 Mich 423; 100 NW2d 208 (1960)], that the court will find itself powerless to dismiss even a sixteen-year-old claim". 3 Larson, The Law of Workmen's Compensation, § 78.80, pp 150–151. We commend the task of promulgating such a rule to the Legislature.

To resolve the present controversy we first consider plaintiff's argument that she is entitled to compensation pursuant to the incurable insanity provision (MCLA 412.10[b] [6]; MSA 17.160[b] [6]) as interpreted by *Sprute v Herlihy Mid-Continent Co,* 32 Mich App 574; 189 NW2d 89 (1971). This issue was first raised on the appeal to this Court. Neither the referee nor the board has passed upon this issue. It is thus not ripe for review.

We have already noted that the board twice considered the record inadequate on the remaining issues. We accept their determination and remand this case to them with the direction that it be determined in light of our decision and with regard to a *speedy* and *conclusive* disposition for plaintiff's claim. The plaintiff shall carry her bur-

---

[2] MCLA 418.101 *et seq.;* MSA 17.237(101) *et seq.*

den of proof as required by the act with the aid of any additional supplementation of the record which is consistent with the act, this decision, and the direction of the board.

Reversed and remanded with directions.

All concurred.