LEGUT v DETROIT WINDOW CLEANING COMPANY

1. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY—IMBECILITY—EVIDENCE—INTELLIGENCE TESTS.

The Stanford-Binet intelligence test has not been designated by the Legislature or the courts as the exclusive test to be used in determining imbecility; therefore, a finding by the Workmen's Compensation Appeal Board that a claimant seeking total and permanent disability benefits for imbecility failed to meet his burden of proof because of his inability to translate other test results into the Stanford-Binet scale was prejudicial error (MCLA 418.361[2] [f]).

2. WORKMEN'S COMPENSATION—TOTAL AND PERMANENT DISABILITY—INCURABLE INSANITY.

An employee is incurably insane under the Workmen's Compensation Act if the occupationally related mental or emotional illness which impairs the employee's mental processes is of totally disabling proportions and is likely to be of long and indefinite duration, thus making gainful employment impossible (MCLA 418.361[2] [f]).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 April 3, 1974, at Detroit. (Docket No. 17707.) Decided July 23, 1974. Leave to appeal granted, 393 Mich —.

Claim by Walter L. Legut against Detroit Window Cleaning Company, the State Accident Fund, and the Second Injury Fund for workmen's compensation. Benefits denied. Plaintiff appeals by leave granted. Reversed and remanded for further proceedings.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur 2d, Workmen's Compensation § 283.

*Vandeveer, Garzia, Tonkin, Kerr & Heaphy, P. C.* (by *James A. Sullivan),* for defendants Detroit Window Cleaning Company and the State Accident Fund.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Philip C. Dean* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second Injury Fund.

Before: BASHARA, P. J., and BRONSON and CARLAND,* JJ.

BASHARA, P. J. On March 6, 1964, plaintiff was employed as a window cleaner when he fell and injured himself in a work-related accident. He was paid benefits until May 2, 1964, at which time he petitioned for further benefits alleging that he was permanently disabled as being incurably insane and imbecilic.[1] The hearing referee found that plaintiff was not totally and permanently disabled under the Workmen's Compensation Act and denied the petition. The Workmen's Compensation Appeal Board affirmed this finding, and plaintiff appeals by leave granted.

Plaintiff first asserts error by the referee and board in finding that he was not an imbecile for purposes of total and permanent disability. Although the Workmen's Compensation Act does not define imbecility, it would appear that the referee and board relied solely on the scores of the Stanford-Binet Intelligence Test in determining its definition. The board stated in its opinion:

"Rarely does this Board see a more deserving plaintiff

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 418.361(2)(f); MSA 17.237(361)(2)(f), formerly MCLA 412.10(b)(6); MSA 17.160(b)(6).

before it seeking the benefits of the Act—yet the undersigned regretfully submit the present state of law is such that the referee was correct in his denial of benefits.

\* \* \*

"But this plaintiff is not entitled to the designation of a permanently and totally disabled employee as defined in Part II, Section 10(b)(6), of the Compensation Act. To be so entitled, he must be an imbecile or insane. The prior opinion gives the relevant testimony on imbecility. While the term may be outmoded or behind "the constantly changing nomenclature used by the practitioner of the medical arts, it *is* the term used in the Act. *The testimony of this record reveals it to be a term based on measurement in the Stanford-Binet intelligence test for persons testing between 20–50. This plaintiff was tested at 73 on the Wechsler test, which Doctor Jean S. Braun could not translate into Stanford-Binet scores. Imbecility is not proven—a burden not met by plaintiff."* (Emphasis added.)

Plaintiff correctly states that the Stanford-Binet test has not been designated by the Legislature or the courts as the exclusive test to be used in determining imbecility. The Stanford-Binet is, of course, one available indicator, but other recognized tests are being used which should be considered, when offered, by referees and the Workmen's Compensation Appeal Board. Plaintiff's experts employed the Rorschach, Bender-Gestalt, and Wechsler tests to evaluate plaintiff's intelligence. The results of these tests and the testimony of plaintiff's experts showed that plaintiff was rated either an imbecile or was in a category very close to being one. The opinion of the board that plaintiff's inability to translate the test results into the Stanford-Binet scale, with the subsequent finding that he failed to meet his burden of proof, was prejudicial error. This Court is unable to say that a different finding would have been made had the

board considered the plaintiff's proferred tests. However, the fact that the board makes it clear that it would only consider the Stanford-Binet test requires a reversal by this Court and a new finding on the question of imbecility. The determination will be a factual question for the board to decide after reviewing all the evidence and scrutinizing intelligence tests offered by the parties involved.

Plaintiff next contends that the phrase "incurable insanity" as used in MCLA 418.361(2)(f); MSA 17.237(361)(2)(f), should not be defined to exclude those employees who are gainfully employed after their injury. Judge BRONSON, writing for the Court in *Sprute v Herlihy Mid-Continent Co,* 32 Mich App 574; 189 NW2d 89 (1971), defined incurable insanity as follows:

"An employee is incurably insane under MCLA § 412.10(b)(6) (Stat Ann 1968 Rev § 17.160 [b] [6]) if the occupationally-related mental or emotional illness which impairs the employee's mental processes is of totally disabling proportions and is likely to be of long and indefinite duration, thus making gainful employment impossible."

In the instant case the board found that plaintiff was gainfully employed as a conveyer-belt loader at the time of the hearings and therefore denied him benefits under the above test. It also found that his wage scale was approximately that which he was earning prior to his injury.

We have carefully reviewed the statutes involved here and the *Sprute, supra,* decision in searching for a definition of incurable insanity. It is difficult to provide a meaning to this phrase that will provide benefits to each plaintiff who was contemplated by the Legislature to be entitled to compensation. The Court in *Sprute, supra,* set

forth a test which it believed would provide the broadest definition of "incurably insane" within the meaning of the Workmen's Compensation Act. This Court is not persuaded that the test should be modified and we note, as in *Pastaleniec v The Great A & P Tea Co, Inc,* 49 Mich App 702; 212 NW2d 734 (1973), that leave to appeal in *Sprute, supra,* was denied by the Michigan Supreme Court at 385 Mich 784 (1971).

Reversed and remanded for proceedings consistent with this opinion.

All concurred.