PETERS v N G GILBERT CORPORATION

Docket No. 79911. Submitted February 20, 1985, at Detroit.—Decided
     April 2, 1985. Leave to appeal applied for.

Plaintiff, Claude V. Peters, was injured while in the course of his
     employment with N. G. Gilbert Corporation. His injury re-
     quired brain surgery and resulted in frequent seizures. He
     applied for workers' compensation benefits and was found to
     have total and permanent disability due to incurable insanity
     or imbecility. Defendants, the employer, its insurer, Security
     Insurance Company, and the Second Injury Fund sought leave
     to appeal from the decision of the Workers' Compensation
     Appeal Board. Leave was denied and defendants sought leave
     to appeal to the Supreme Court, which, in lieu of granting
     leave, remanded the case to the Court of Appeals for considera-
     tion as on leave granted, 419 Mich 899 (1984). Defendants
     alleged that the plaintiff was suffering only from epilepsy and
     that the WCAB erred in holding that plaintiff's epilepsy is
     equivalent to imbecility. *Held:*

     1. The WCAB did not hold that plaintiff's mental condition
     was equivalent to epilepsy. The WCAB found the requisite
     mental impairment for disability apart from any epilepsy suf-
     fered by plaintiff.

     2. The WCAB applied the proper standard for a finding of
     total and permanent disability based on a mental condition,
     which is an inquiry into the effect of the injury on the worker's
     quality of life.

     Affirmed.

1. WORKERS' COMPENSATION — APPEAL — SCOPE OF REVIEW.

     The Court of Appeals, when reviewing a decision of the Workers'
     Compensation Appeal Board, is limited to reviewing questions
     of law, determining whether there is any fraud, and deciding
     whether there is any competent evidence in the record to

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 630 *et seq.*

[2] 82 Am Jur 2d, Workmen's Compensation §§ 301, 340.

Mental disorders as compensable under workmen's compensation
acts. 97 ALR3d 161.

support the board's findings of fact (MCL 418.861; MSA 17.237[861]).

2. Workers' Compensation — Insanity or Imbecility — Total Disability.

A worker may recover benefits for total and permanent disability for "incurable insanity or imbecility" where his injury resulted in a mental condition which caused a severe cognitive dysfunction affecting the quality of his personal nonvocational life in significant activity comparable to the loss of limbs or sight; definitions of insanity and imbecility based on medical usage are not controlling for purposes of the Worker's Disability Compensation Act (MCL 418.361[3][f]; MSA 17.237[361][3][f]).

*Martin M. Summer,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Joseph M. Binno* and *Caleb B. Martin, Jr.,* Assistants Attorney General, for the Second Injury Fund.

*William D. Stockman,* for defendants N. G. Gilbert Corporation and Security Insurance Company.

Before: Wahls, P.J., and Shepherd and E. A. Quinnell,* JJ.

Per Curiam. On March 18, 1976, plaintiff was injured in a work-related accident while in the employ of defendant N. G. Gilbert Corporation. Plaintiff petitioned for differential benefits from defendant Second Injury Fund, claiming total and permanent disability due to incurable insanity or imbecility under MCL 418.361(2)(f); MSA 17.237(361)(2)(f), now MCL 418.361(3)(f); MSA 17.237(361)(3)(f). After a hearing held December 10 and 19, 1979, a hearing officer found plaintiff to be permanently and totally disabled and ordered benefits to be paid on the basis of a weekly wage of $427.66. This decision was appealed to the Work-

* Circuit judge, sitting on the Court of Appeals by assignment.

ers' Compensation Appeal Board which, on January 19, 1983, affirmed the finding of disability but modified the award to reflect weekly pay of $316. Defendants' application for leave to appeal to this Court was denied June 6, 1983. Defendants then filed a delayed application for leave to appeal to the Supreme Court. On July 30, 1984, in lieu of granting leave, the Supreme Court remanded the case to this Court for consideration as on leave granted. 419 Mich 899.

The plaintiff was injured at age 23 when he fell while clearing limbs from power lines during a severe ice storm. He developed a subdural hematoma, requiring brain surgery. It was undisputed that, as a result of his injuries, plaintiff developed a seizure disorder involving frequent seizures, some severe. At the time of the hearing, plaintiff testified that he was taking anti-convulsive medication three times a day but was still experiencing seizures at the rate of at least one every two weeks.

The plaintiff presented himself as an angry, depressed, suicidal individual who suffered from organic brain syndrome resulting in problems with recall, attention and concentration, leading to frequent irritability and confusion. This picture was supported by the testimony of plaintiff's mother and sister, who testified that plaintiff had undergone a dramatic personality change, and by Dr. Joel Dryer, a psychiatrist.

The defense presented the theory that the plaintiff was suffering only from epilepsy, and was otherwise normal. This view was supported by Dr. Graydon Forrer, a psychiatrist, and Michael Sachs, a psychologist. There was also evidence that the plaintiff was active, golfing, hunting and weight-lifting frequently. He handled his own financial affairs and had a driver's license.

The WCAB opinion reviewed the law and evidence and concluded:

"The record is consistent with a total disability from the severe psychomotor seizure disorder, complicated by an emotional overlay and permanent brain damage productive of behavioral-judgmental changes amounting to significant intellectual impairment. We find that it equated with a severe cognitive dysfunction affecting the quality of plaintiff's personal nonvocational life in significant activity comparable to the loss of two members or the sight of both eyes. *Redfern [v Sparks-Withington Co,* 403 Mich 63; 268 NW2d 28 (1978)]. Plaintiff has proven by a preponderance of the evidence that he is entitled to permanent and total disability benefits for incurable imbecility under * * * the Act."

This Court's review of a WCAB decision is limited to reviewing questions of law, determining whether there is any fraud, and deciding whether there is any competent evidence in the record to support the board's findings of fact. MCL 418.861; MSA 17.237(861), *Fuchs v General Motors Corp,* 118 Mich App 547, 552; 325 NW2d 489 (1982), *lv den* 417 Mich 1077 (1983). Defendants contend that the WCAB erred as a matter of law in holding that plaintiff's epilepsy is equivalent to imbecility. We disagree with defendants' characterization of the WCAB opinion, being persuaded that the appeal board found the requisite intellectual impairment apart from plaintiff's epilepsy. In this regard, we note that the WCAB stated that epilepsy did not necessarily constitute mental illness or give rise to social dysfunction, citing *Redfern, supra,* p 84, fn 20. We are convinced that the board made the same distinction with respect to epilepsy and cognitive dysfunction.

Defendants argue that an imbecile is an individual with an IQ between 20 and 50 and a mental

age of 6 to 7 years, although conceding that the term is no longer used by the medical community. They further state that such a definition is consistent with the legislative purpose of providing benefits to persons who are totally and permanently disabled and unable to return to any employment. In *Redfern,* however, the Court explicitly rejected the test enunciated in *Sprute v Herlihy Mid-Continent Co,* 32 Mich App 574; 189 NW2d 89 (1971), *lv den* 385 Mich 784 (1971), which allowed compensation for permanent disability only when the employee's mental condition precluded gainful employment. The *Redfern* Court stated that the focus of the inquiry should be the effect on the worker's quality of life, not his or her wage-earning capacity. Noting that definitions of insanity appropriate to other purposes were not necessarily appropriate to workers' compensation cases, the Court stated that it was seeking "definitions of insanity and imbecility that serve the policies of the Worker's Disability Compensation Act". *Redfern, supra,* p 77. Accordingly, we cannot accept defendants' definition based on medical usage but must abide by that given by the Supreme Court in *Redfern.* The WCAB properly applied the *Redfern* definition of imbecility.

There is competent evidence supporting the WCAB's finding of permanent brain damage producing behavioral-judgmental changes that amounted to significant intellectual impairment. Defendants do not argue that fraud occurred. Therefore, we uphold the appeal board decision.

Affirmed.