## WHITT v. FORD MOTOR COMPANY.

1. Workmen's Compensation—Second Injury Fund—Purpose—Handicapped Persons.

> The purpose of the amendatory act establishing the Second Injury Fund was to enhance the prospects for employment of certain handicapped persons who had previously sustained specific losses, so that they and their families would have a means of livelihood by relieving an employer of liability for payment of workmen's compensation for an injury in an amount greater than it would be for an injury to a person not so handicapped (MCLA § 412.8a).

2. Workmen's Compensation—Second Injury Fund—Total and Permanent Disability—Handicapped Persons—Differential Benefits.

> Statute creating Second Injury Fund allows an employee to recover workmen's compensation for total and permanent disability from that fund where the employee has suffered loss of one member of his body from injuries related or unrelated to employment and subsequently suffers loss of another member from causes arising out of and in the course of employment covered by the workmen's compensation law (MCLA § 412.8a).

3. Workmen's Compensation—Total and Permanent Disability—Second Injury Fund—Handicapped Persons—Differential Benefits—Termination of Employment.

> Plaintiff is not entitled to total and permanent disability workmen's compensation benefits from the Second Injury Fund where he lost one eye as the result of an injury arising out of and in the course of his employment with the defendant employer, received workmen's compensation benefits therefor, and subsequently lost the sight of the other eye from causes unrelated to his employment and after outright termination of the employer-employee relationship.

Appeal from Court of Appeals, Division 2, McGregor, P. J., and T. G. Kavanagh and Quinn, JJ.,

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation § 552.

[2, 3] 58 Am Jur, Workmen's Compensation § 296 et seq.

denying application for leave to appeal from Workmen's Compensation Appeal Board. Submitted June 2, 1970. (Calendar No. 9, Docket No. 52,345.) Decided August 19, 1970.

Jackson Whitt, after receipt of compensation for total disability, presented a claim for additional benefits for permanent and total disability due to loss of both eyes. Additional award, payable by the Second Injury Fund, modified and affirmed by Workmen's Compensation Appeal Board. Defendant Second Injury Fund sought leave to appeal to the Court of Appeals which was denied. Defendant Second Injury Fund appeals. Reversed. Rehearing denied October 5, 1970.

*Goodman, Eden, Robb, Millender, Goodman & Bedrosian,* for plaintiff.

*Wright Tisdale (James L. Hill, F. A. Lux,* and *John M. Hammerly,* of counsel), for defendant Ford Motor Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Roger G. Will,* Assistant Attorneys General, for defendant Second Injury Fund.

T. M. KAVANAGH, J. Plaintiff lost the sight of his right eye on May 1, 1958, as the result of an October 5, 1956 injury which arose out of and in the course of his employment with Ford Motor Company. His employer paid him workmen's compensation benefits at the weekly rate for the required number of weeks provided by the statute then in effect.[1] After the expiration of the weekly period, his employer continued to pay compensation benefits to him until

---

[1] CL 1948, § 412.10, as amended by PA 1956, No 195 (Stat Ann 1957 Cum Supp § 17.160).

April 30, 1966, the balance of a 500-week period from October 5, 1956, the date of injury, based on the premise that plaintiff was "totally disabled" from performing work in which he was engaged at time of injury. Plaintiff continued to work for Ford Motor Company until January 25, 1960.

On February 1, 1965, five years after the termination of his employment with Ford, plaintiff lost the sight of his other eye. The loss of sight of the second eye did not take place during employment.

A referee in the Workmen's Compensation Department found that the plaintiff lost the total and permanent sight of his right eye on May 1, 1958, as the result of an injury arising out of and in the course of his employment with Ford Motor Company on October 5, 1956; that he suffered a like loss of the sight of his left eye on February 1, 1965, which loss was not the result of a personal injury arising out of and in the course of his employment. The referee found plaintiff was totally and permanently disabled and awarded him compensation for disability, payable entirely from the Second Injury Fund, from the date of such disability, which he found to be February 1, 1965.

The Second Injury Fund filed a claim for review of the referee's decision with the Workmen's Compensation Appeal Board. The board entered a decision and order affirming the factual findings of the referee but modified the award of compensation to the extent that the Second Injury Fund was held liable only for differential benefits from September 1, 1965 until April 30, 1966, the end of the 500-week period during which the employer had paid compensation. The appeal board also ordered the entire compensation to be paid by the Second Injury Fund after April 30, 1966.

The Second Injury Fund was denied leave to appeal by the Court of Appeals. The case is here on leave granted by this Court on March 25, 1969. 381 Mich 812.

Appellant frames the issue before this Court as:

Is an individual who suffered the permanent loss of sight of an eye as the result of an injury which occurred in the course of his employment, and who subsequently suffered the permanent loss of sight of the other eye from causes unrelated to his employment, entitled to total and permanent disability benefits under § 9(a), part 2 of the Workmen's Compensation Act (MCLA § 412.9 [Stat Ann 1968 Rev § 17.159] prior to amendment by PA 1968, No 227)?

The Second Injury Fund argues that workmen's compensation benefits are predicated upon the injured worker having received a personal injury arising out of and in the course of his employment.[2]

The Second Injury Fund further argues that the legislature provided for sequential injuries only in § 8(a), part 2 of the act,[3] which grants compensation from the Second Injury Fund to the individual who has suffered the loss of one member from an injury related or unrelated to employment, and subsequently suffers the loss of another member from an injury related to employment. It further argues that the adoption of this provision in § 8a of part 2 was to induce employers to employ handicapped individuals and reduce the harshness of the rule of *Weaver* v. *Maxwell Motor Co.* (1915), 186 Mich 588.

Plaintiff argues that both his condition of "total disability" and of "permanent and total disability"

---

[2] MCLA § 412.1 (Stat Ann 1968 Rev § 17.151) reads in part:

"An employee, who receives a personal injury arising out of and in the course of his employment by an employer who is at the time of such injury subject to the provisions of this act, shall be paid compensation in the manner and to the extent hereinafter provided * * * ."

[3] MCLA § 412.8a (Stat Ann 1968 Rev § 17.158[1]).

are directly related to his work. He further argues that to be compensable under § 9 of part 2 of the act, the second injury need not occur during employment, but that it is sufficient if the first injury is a substantial contributing factor to the resulting "total and permanent disability."

Plaintiff contends that his condition of "permanent and total loss of sight of both eyes" was substantially contributed to by the work-connected loss of his first eye, and that but for the loss of his first eye he would not have "permanent and total loss of sight of both eyes."

Plaintiff relies on § 10, part 2 of the Workmen's Compensation Act[4] for his definition of "total and permanent disability," which provided in part:

"Total and permanent disability, compensation for which is provided in § 9 hereof, means:

"(1) Total and permanent loss of sight of both eyes."

Plaintiff meets this test of "total and permanent disability."

*Weaver v. Maxwell Motor Co., supra,* holds that where petitioner lost his left eye due to a work-connected injury, and where the right eye had been lost previously as the result of a noncompensable injury, the employer would be liable only for compensation for the partial incapacity resulting from the work-connected injury.

The purpose behind the legislative creation of the Second Injury Fund under § 8a is expressed in *Verberg v. Simplicity Pattern Company* (1959), 357 Mich 636, at p 643:

"Clearly, the purpose of the above statutory provision was to enhance the prospects for employment

---

[4] CL 1948, § 412.10, as amended by PA 1956, No 195 (Stat Ann 1957 Cum Supp § 17.160).

of certain handicapped persons who had previously sustained specific losses, so that they and their families would have a means of livelihood. The statute made it certain, as an inducement to an employer to employ such persons, that in employing a handicapped person he would be required to pay no more if such handicapped person should suffer further injury than he would have been required to pay for such further injury had the person not been handicapped in the first place."

The creation of the Second Injury Fund under § 8a is a legislative limitation on the decision of *Weaver* v. *Maxwell Motor Co., supra,* insofar as it allows an employee to recover compensation for total and permanent disability from the Second Injury Fund where the employee has suffered the loss of one member from injuries related or unrelated to employment covered by the workmen's compensation law and subsequently suffers the loss of another member from causes arising out of and in the course of employment covered by the workmen's compensation law. To this extent it removes the effect of *Weaver.*

Nowhere in the act, including §§ 9 and 10, is there a provision similar to § 8a which permits compensation for total and permanent disability from the sequence of injuries which apply to the instant case. The legislature has not, except under § 8a, changed the rule that injuries to be compensable under the workmen's compensation law must arise out of and in the course of the claimant's employment.[5] We conclude, therefore, that plaintiff is not entitled to total and permanent disability benefits from the Second Injury Fund because his second injury

---

[5] See fn 2, *supra.* For interpretation of this statutory requirement that injuries to be compensable must arise "out of and in the course of" the claimant's employment, see *Appleford* v. *Kimmel* (1941), 297 Mich 8, and cases cited therein.

occurred after outright termination of the employer-employee relationship.

We do not rule in this case as to whether plaintiff is entitled to benefits for further and continuing disability or aggravation of the first injury.

The decision of the Workmen's Compensation Appeal Board is reversed and total and permanent disability benefits denied.

No costs, a public question being involved.


T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, and ADAMS, JJ., concurred with T. M. KAVANAGH, J.


T. G. KAVANAGH, J., did not sit in this case.