HAKALA v BURROUGHS CORPORATION

1. WORKMEN'S COMPENSATION—SECOND-INJURY FUND—CONSTRUCTION —"LOSS".

The word "loss" as used to describe an existing disability in the statute governing the payment of workmen's compensation benefits by the Second-Injury Fund means "loss resulting from injury" (MCLA 412.8a [MCLA 418.521(1)]).

2. WORKMEN'S COMPENSATION—"LOSS"—TRAUMATIC INJURY.

The Workmen's Compensation Act provides compensation in certain circumstances for losses which, had they occurred in the course of a claimant's employment, would have been compensable under the Workmen's Compensation Act; such losses can only be incurred traumatically (MCLA 412.8a [MCLA 418.521(1)]).

3. WORKMEN'S COMPENSATION—SECOND-INJURY FUND—NONTRAUMATIC INJURY.

A plaintiff who suffered a loss of vision in one eye from nontraumatic causes and subsequently sustained a work-related injury requiring amputation of his hand was not totally and permanently disabled within the meaning of the statute governing payment of benefits by the Second-Injury Fund (MCLA 412.8a [MCLA 418.521(1)]).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 April 5, 1973, at Detroit. (Docket No. 13842.) Decided July 26, 1973. Leave to appeal granted, 391 Mich —.

Edward J. Hakala presented his claim for workmen's compensation against Burroughs Corporation and the Second-Injury Fund. Benefits denied. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur, Workmen's Compensation § 296.
[2]58 Am Jur, Workmen's Compensation §§ 243–245.

*Kelman, Loria, Downing & Schneider,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Lee A. Decker* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second-Injury Fund.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

PER CURIAM. In 1968, plaintiff herein filed a petition for compensation, alleging that he is totally and permanently disabled under the terms of the Workmen's Compensation Act. MCLA 412.8a; MSA 17.158(1).[1] His right hand was amputated in an employment-related accident; he had incurred a prior non-work-related, nontraumatic "loss" of his left eye.

The uncorrected vision in plaintiff's left eye is 20/300; with eyeglasses, the vision in this eye is 20/50, or almost normal. For the purposes of this decision, it will be assumed that, on the basis of plaintiff's uncorrected vision, he has suffered a permanent and total loss of the vision of his left eye for purposes of MCLA 412.10(a)(16); MSA 17.160(a)(16).[2] Therefore, if plaintiff's impaired vision is the type of "loss" contemplated by MCLA 412.8a; MSA 17.158(1), *supra,* then by virtue of the subsequent work-related amputation of plaintiff's right hand, he is entitled to compensation on the

---

[1] Now MCLA 418.521(1); MSA 17.237(521)(1).

[2] We expressly reserve decision on the question of whether, in a different context, corrected or uncorrected vision is determinative for purposes of this section. *Cf., Cline v Studebaker Corp,* 189 Mich 514; 155 NW 519 (1915), with *Lindsay v Glennie Industries, Inc,* 379 Mich 573; 153 NW2d 642 (1967).

basis of permanent and total disability. *Whitt v Ford Motor Co,* 383 Mich 726, 731; 178 NW2d 917, 919 (1970).

However, we hold that the word "loss" as used in MCLA 412.8a; MSA 17.158(1) means "loss resulting from injury". This construction of the term has often been adopted *sub silentio,* see *Purchase v Grand Rapids Refrigerator Co,* 194 Mich 103; 160 NW 391 (1916), and is consistent with the use of the word "loss" as it appears throughout the Workmen's Compensation Act. *Hite v Evart Products Co,* 34 Mich App 247, 251–252; 191 NW2d 136, 137–138 (1971). In other words, MCLA 412.8a; MSA 17.158(1) provides compensation in certain circumstances for losses which, had they occurred in the course of a claimant's employment, would have been compensable under the Workmen's Compensation Act. Such losses can only be incurred traumatically.

In this case, plaintiff has suffered a loss of vision due to nontraumatic causes. Had the deterioration of plaintiff's vision occurred during the time of his employment, he would not have been entitled to compensation under the Workmen's Compensation Act. Therefore, since the character of plaintiff's "loss" is not changed by the subsequent occupationally related amputation of his hand, plaintiff is not permanently and totally disabled under MCLA 412.8a; MSA 17.158(1) and his petition for compensation should have been denied.

Affirmed.[3]

---

[3] The Workmen's Compensation Appeal Board denied plaintiff compensation on the grounds of total and permanent disability; however, the Appeal Board's opinion was based on grounds other than those considered here, and our affirmance should not be taken as an intimation of approval of the Appeal Board's reasoning. See footnote 2, *supra.*