PLEINESS v MUELLER BRASS COMPANY

1. WORKMEN'S COMPENSATION—SECOND INJURIES—PERMANENT DISA-
   BILITIES.

   Once a person who already suffers a permanent disability suffers
   another, he shall be deemed to be totally and permanently
   disabled (MCLA 412.8a).

2. WORKMEN'S COMPENSATION—SECOND INJURIES—PERMANENT DISA-
   BILITIES—CHANGE OF CONDITION.

   After determination by a workmen's compensation referee that
   an employee had suffered a second disability, from which no
   appeal was taken, the employee is conclusively presumed to be
   disabled for 800 weeks from the date of the second injury, and
   the Second Injury Fund can challenge the continuing nature of
   his permanent and total disability by introduction of evidence
   showing a change of condition only after expiration of the 800
   weeks (MCLA 412.9).

3. WORKMEN'S COMPENSATION—SECOND INJURIES—LOSS OF INDUSTRIAL
   USE—WORK-RELATED INJURIES.

   A claimant who suffered a work-related second injury resulting in
   loss of industrial use of a hand is not required to show that the
   first injury which resulted in the loss of industrial use of an eye
   was employment-related to be eligible for total and permanent
   disability benefits (MCLA 412.8a).

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 2 June 10, 1974, at
Lansing. (Docket No. 18708.) Decided October 9,
1974.

Claim by Elmer Pleiness against Mueller Brass
Company, Aetna Casualty & Surety Company, and
the Second Injury Fund for workmen's compensa-
tion benefits. Benefits denied. Plaintiff appeals.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 296.

Reversed and remanded for an award of benefits for total and permanent disability.

*Kelman, Loria, Downing & Schneider* (by *John W. Simpson, Jr.),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard* and *Joseph M. Binno,* Assistants Attorney General, for the Second Injury Fund.

Before: QUINN, P. J., and V. J. BRENNAN and CARLAND,* JJ.

V. J. BRENNAN, J. Plaintiff, Elmer Pleiness, appeals from a decision of the Workmen's Compensation Appeal Board denying his claim against the Second Injury Fund for total and permanent disability benefits.

In this action it is undisputed that as of February 1, 1963, plaintiff had suffered permanent loss of vision in his left eye as the result of a massive retinal hemorrhage. Subsequently, on July 1, 1963, plaintiff's left hand was severely injured when a die press he was attempting to repair tripped, causing the die to come down upon his hand. Plaintiff filed a petition in the Workmen's Compensation Department seeking benefits for loss of industrial use of his left hand. On April 4, 1967, a decision, stipulated to by both employer and employee, was rendered by a hearing referee in which it was held that plaintiff suffered the loss of industrial use of his left hand and that the injury arose out of and in the course of his employment. This decision was never appealed or contested. Plaintiff received the appropriate benefits for the estab-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

lished period and then, on May 19, 1969, filed a petition seeking total and permanent disability benefits for the loss of his left hand and the prior loss of his left eye. This claim was made solely against the Second Injury Fund.

On April 10, 1970, a hearing was held on plaintiff's claim and testimony was taken. The hearing referee issued his decision on May 12, 1970, in which it was held that, although plaintiff no longer suffered the loss of industrial use of his left hand, the valid, unappealed order of April 4, 1967, was binding on the Second Injury Fund, whose rights in this case were derivative from plaintiff's employer, and that the determination of loss of industrial use made therein could not now be set aside by the Fund. The hearing referee also held that since plaintiff also "suffered the loss of vision in his left eye by February 1, 1963, he must be considered to have suffered the lost [sic] of two members as provided for by" the act. He therefore awarded benefits to plaintiff.

The Second Injury Fund appealed and the Appeal Board, in its opinion and order of October 19, 1973, reversed the referee and ordered that plaintiff's benefits be "terminated as of April 10, 1970, the date upon which the hearing was held before the referee and the referee made a supportable finding of fact that no industrial loss of use of the hand continued to be present". By its opinion the Appeal Board held that, although the decision of April 4, 1967, was binding on the Fund, the Fund was not prevented from establishing the fact that a change in plaintiff's condition had occurred. The Appeal Board affirmed the referee's finding that plaintiff no longer suffered the loss of industrial use of his hand and, therefore, determined that plaintiff was not permanently and totally disabled

within the meaning of the act. It is from this decision that plaintiff now appeals.

On this appeal plaintiff maintains, as he consistently did in the proceedings below, that since it was undisputed that he suffered permanent loss of vision in his left eye and since the unappealed April 4, 1967 decision of the hearing referee established that he lost the industrial use of his left hand, he clearly falls within the terms of the act and is entitled to receive total and permanent disability benefits. The Second Injury Fund, on the other hand, argues that it is entitled to a hearing to determine whether the loss of use continues or not. They argue that if a change of condition is established and plaintiff no longer suffers loss of industrial use of his hand they are not required to pay plaintiff total and permanent disability benefits.

At the time of the injury to plaintiff's hand, MCLA 412.8a; MSA 17.158(1) was in effect and provided, in relevant part:[1]

"If an employee has at the time of injury permanent

[1] In 1969 this section was replaced by MCLA 418.521(1); MSA 17.237(521)(1) which now provides:

"Sec. 521. (1) If an employee has a permanent disability in the form of the loss of a hand, arm, foot, leg or eye and subsequently has an injury arising out of and in the course of his employment which results in another permanent disability in the form of the loss of a hand, arm, foot, leg or eye, at the conclusion of payments made for the second permanent disability he shall be conclusively presumed to be totally and permanently disabled and paid compensation for total and permanent disability after subtracting the number of weeks of compensation received by the employee for both such losses. The payment of compensation under this section shall be made by the second injury fund, and shall begin at the conclusion of the payments for the second permanent disability."

The two sections are substantially similar and the application of either would lead us to the same conclusion. The law in effect at the time of injury, however, is that which is to be used to determine the rights of the parties. *Tarnow v Railway Express Agency,* 331 Mich 558; 50 NW2d 318 (1951). *See Buchau v Simmons Boiler & Machine Co,* 392 Mich 141; 220 NW2d 408 (1974).

disability in the form of the loss of a hand or arm or foot or leg or eye and at the time of such injury incurs further permanent disability in the form of the loss of a hand or arm or foot or leg or eye, he shall be deemed to be totally and permanently disabled and shall be paid, from the funds provided in this section, compensation for total and permanent disability after subtracting the amount of compensation received by the employee for both such losses. The payment of compensation under this section shall begin at the conclusion of the payments made for the second permanent disability. Such payment shall be made upon the order of the department."

In the case at bar there is no doubt that plaintiff suffered the loss of use of his left eye. It also cannot be disputed that it was determined by a Workmen's Compensation hearing referee that plaintiff, in a work-related accident, suffered the loss of industrial use of his left hand. If this case stopped here there would be no difficulty in holding that under the above statute plaintiff is entitled to permanent and total disability benefits. Here, however, after his injury, plaintiff sought medical help and, through several operations, had the use of his hand partially restored. The question presented for determination is whether or not the Second Injury Fund is entitled to present evidence of this partial restoration to defeat plaintiff's claim for benefits. We believe that this question is answered by the act itself and that the answer is no. MCLA 412.9; MSA 17.159, now MCLA 418.351; MSA 17.237(351) was also in effect at the time of plaintiff's injury and then provided, and now provides, in relevant part:

"The conclusive presumption of total and permanent disability shall not extend beyond 800 weeks from the date of injury and thereafter the question of permanent

and total disability shall be determined in accordance with the fact, as the fact may be at that time."

MCLA 412.8a; MSA 17.158(1) provides that once a person who already suffers a permanent disability suffers another, he shall be deemed[2] to be totally and permanently disabled. A procedure is established for determining whether or not such a second loss occurs through a hearing before a referee and an appeal, if desired, to the Appeal Board. Once those procedures are concluded and it is determined that a plaintiff did suffer such a loss, he is entitled to receive permanent and total disability benefits and he shall be deemed to be so disabled for 800 weeks from the date of his injury.[3] MCLA 412.9; MSA 17.159. It is only at the conclusion of that time period that the Fund can challenge the continuing nature of a plaintiff's permanent and total disability by the introduction of evidence showing a change in condition.

Here, plaintiff, suffering a permanent disability in the form of a loss of use of his left eye, was determined by a hearing referee, upon stipulation of the parties, to have suffered the loss of industrial use of his left hand as the result of an accident which arose out of and in the course of his employment. This decision was never appealed and is, therefore, binding on the employer and the Second Injury Fund, whose rights are derivative from the employer. *White v Weinberger Builders, Inc,* 49 Mich App 430; 212 NW2d 307 (1973), *lv*

---

[2] MCLA 418.521(1); MSA 17.237(521)(1) now speaks in terms of a "conclusive presumption".

[3] Under MCLA 418.521(1); MSA 17.237(521)(1) the "conclusive presumption" does not arise until the payments for the second permanent disability are concluded. In the case at bar plaintiff's petition was not filed until payments for the second permanent disability were concluded. Under this new section, therefore, the result would be the same.

*granted,* 391 Mich 781 (1974). This being the case, it is clear that this plaintiff is entitled to receive total and permanent disability benefits under MCLA 412.8a; MSA 17.158(1). It is of no consequence that the record herein does not show that plaintiff's loss of use of his left eye was the result of an employment related accident. There is no requirement under MCLA 412.8a; MSA 17.158(1) that the first accident be employment related.[4] *Hilton v Oldsmobile Division of General Motors Corp,* 390 Mich 43; 210 NW2d 316 (1973). Plaintiff's second injury was clearly work-related therefore satisfying the requirements of *Whitt v Ford Motor Co,* 383 Mich 726; 178 NW2d 917 (1970).

We therefore hold that plaintiff is entitled to receive total and permanent disability benefits under MCLA 412.8a; MSA 17.158(1) and that under MCLA 412.9; MSA 17.159 he shall be deemed to be totally and permanently disabled for 800 weeks from the date of his injury. The decision of the Workmen's Compensation Appeal Board is, therefore, reversed and the case remanded for the entry of an order consistent with this opinion and the awarding of the appropriate benefits.

Reversed and remanded.

All concurred.

---

[4] *Hakala v Burroughs Corp,* 48 Mich App 639; 211 NW2d 60 (1973), *lv granted,* 391 Mich 756 (1974), decided before the decisional date of *Hilton v Oldsmobile Division of General Motors Corp,* 390 Mich 43; 210 NW2d 316 (1973), reached a different conclusion. In light of the decision in *Hilton,* we feel that any reliance on *Hakala* would be misplaced.