HANSEL v CHRYSLER CORPORATION

WORKMEN'S COMPENSATION—WAGE EARNING CAPACITY—CONTINUED
EMPLOYMENT—TOTAL DISABILITY.

It is the loss of wage earning capacity, not actual loss of wages,
which is compensable and a subsequent noncompensable injury
which may or may not contribute to total disability will not, in
and of itself, defeat a claim for loss of wage earning capacity
where an employee continued to work at a favored employment
job which did not require the use of his hand disabled in a
compensable injury.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 1 December 11, 1974, at
Lansing. (Docket No. 19608.) Decided January 29,
1975.

Claim by Raymond Hansel against the Chrysler
Corporation for workmen's compensation. Compen-
sation for loss of wage earning capacity denied.
Plaintiff appeals by leave granted. Reversed and
remanded.

*Lopatin, Miller, Bindes & Freeman* (by *Michael
A. Gantz)*, for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross)* for Chrysler
Corporation.

Before: DANHOF, P. J., and BASHARA and ALLEN,
JJ.

DANHOF, P. J. Plaintiff appeals, on leave

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation §§ 283, 284.

granted, from a decision and order of the Workmen's Compensation Appeal Board reversing that part of a hearing referee's award of compensation for continuing disability.

Plaintiff was employed on an engine assembly line in one of defendant's automobile plants. In December, 1967, plaintiff suffered an injury to his right hand when an engine fell from the line. Plaintiff experienced swelling, pain and numbness in his hand which required hospitalization and surgery on three separate occasions over the course of the following year. Between these hospital stays, plaintiff returned to work where he was given favored employment which required the use of only one hand in the engine tear-down department. He continued at this favored work from December, 1968 until April, 1970. In April, 1970, plaintiff left work after suffering an episode of nervous tremors brought on, he testified, by loss of sleep and anxiety caused by swelling, pain and numbness in his hand. While still away from work on May 23, 1970, plaintiff severely injured a leg in an accident in a parking lot. Plaintiff underwent surgery for the leg injury which involved the insertion of plates, pins and screws and which necessitated the wearing of a cast for 14 months.

When the cast was removed in June, 1971, plaintiff reported back to work. He was given a physical examination by a company doctor and placed on two job restrictions arising from his hand and leg injuries. No work could be found for him in the tear-down department within the restrictions imposed by these dual disabilities. Therefore, he was laid off, and he sought work elsewhere without success.

Plaintiff applied for compensation, and the hearing referee determined that plaintiff had "sus-

tained a loss of industrial use of his right hand" and he further found "that the plaintiff has been continuously disabled and is presently disabled as a result of the aforementioned injury to his right hand". The Workmen's Compensation Appeal Board affirmed the referee's findings and award of compensation at the rate of $69 per week from February 5, 1968, the date on which it was determined that the plaintiff had sustained the loss of the industrial use of his right hand. However, the board reversed the finding that the plaintiff was entitled to continuing compensation for loss of wage earning capacity. In arriving at this conclusion, the board apparently adopted a "but for" test, reasoning that had plaintiff not suffered the noncompensable leg injury, he would still be able to engage in the favored work previously assigned to him. The majority opinion states, "In the matter before us the record establishes that were it not for the non-work connected leg injury plaintiff would be back on the tear-down job continuing in his established wage earning capacity". From this determination, the board went on to conclude that the defendant was not liable for a continuing disability because: "When disablement from earning wages is resultant from successive injuries and the second injury is non-work connected, compensation will not be granted. See *Whitt v Ford Motor Co,* 383 Mich 726 [178 NW2d 917 (1970)]."

At the outset, it should be noted that *Whitt v Ford Motor Co, supra,* does not support the board's position. *Whitt* involved the Second Injury Fund which is liable for compensation payments only when the second injury arises out of and in the course of employment regardless of how the first injury was incurred. In this respect, the facts in *Whitt* are dissimilar to those in the present case.

The board also cited two of its own decisions in support of its conclusion in this case. One of these decisions has been before this Court in *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973). In that case, plaintiff had suffered a hand injury in 1964, but he remained on the same job at the same wage until he became permanently disabled in 1968 because of a heart attack. The referee, as here, awarded continuing compensation based upon the hand injury. The board, as here, reversed this determination holding that the plaintiff's noncompensable heart condition caused his wage loss since he had been able to work despite the hand injury. This Court restated the board's conclusion and reversed its decision with a discussion of the relation between the prior hand injury and the loss of wage earning capacity that is of direct applicability to the present case:

"The board decided that the plaintiff's noncompensable heart condition and not his hand injury accounted for the post-January 22, 1968 wage loss and therefore the referee erred in determining that plaintiff was totally disabled as a result of his 1964 hand injury. The rule is that '[I]t is loss of wage earning *capacity*—not actual loss of wages—which is compensable'. *Sims v R D Brooks, Inc,* 389 Mich 91, 93; 204 NW2d 139, 140–141 (1973); MCLA 412.11; MSA 17.161 (now MCLA 418.371; MSA 17.237[371]). The Workmen's Compensation Appeal Board found that plaintiff's wage loss was due to his noncompensable heart condition, but made no specific finding as to the effect of the hand injury on plaintiff's earning *capacity,* other than implying that since there was no apparent wage loss until the heart attack, there could be no compensable disability from the hand injury. The board's legal reasoning was erroneous." *(Medacco, supra,* 48 Mich App at 221; 210 NW2d at 363)

The board's holding that because the plaintiff suffered subsequent disabling injury he cannot receive compensation for the original job connected disability is also refuted by the opinion in *Medacco.* Again relying on *Sims v R D Brooks, Inc, supra,* and citing the policy behind the Workmen's Compensation Act, this Court held that: "Assuming that the appeal board meant to hold that an intervening, noncompensable, totally disabling heart condition renders a prior work-related disability noncompensable, we must disagree with the appeal board's conclusion." *Medacco, supra,* 48 Mich App at 227; 210 NW2d at 366.

In the present case, the board's error is more egregious because rather than suffering from a second noncompensable but totally disabling condition, plaintiff here contends that he has fully recovered from the second injury and it is the prior hand injury coupled with the medical classification given him by the defendant which prevents him from working. If the plaintiff's hand injury has resulted in his continuing disability, preventing the performance of even favored work, the subsequent injury to his leg will not in and of itself defeat his claim for compensation. *Lynch v Briggs Manufacturing Co,* 329 Mich 168; 45 NW2d 20 (1950). These considerations, however, approach the area of fact finding, an area this Court must avoid in order to confine its review to issues of law. On remand, the Board will make findings of fact with regard to the proper legal standard. *Wright v Thumb Electric Cooperative,* 49 Mich App 714; 212 NW2d 607 (1973).

Reversed and remanded for further proceedings consistent with this opinion. Costs to plaintiff.