FERNS v RUSS GRAHAM SHELL SERVICE

Docket Nos. 67286, 67287, 67292. Decided June 28, 1982. On application by the defendants for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, affirmed the order of the Workers' Compensation Appeal Board.

John S. Ferns was awarded total and permanent disability benefits by the Workers' Compensation Appeal Board as a result of injuries received in the course of his employment with Russ Graham Shell Service. Upon the completion of the statutory 800-week period of conclusive presumption of total and permanent disability, the United States Fidelity & Guaranty Company, the employer's insurer, filed notice of termination of benefits. Ferns was also notified of the termination of his differential benefits by the Second Injury Fund. Ferns filed a petition with the Bureau of Workers' Disability Compensation for additional payment of total and permanent disability benefits. A referee determined that Ferns continued to be totally and permanently disabled. The WCAB affirmed, stating that the burden was on the employer to show otherwise. The Court of Appeals, R. B. Burns, P.J., and D. E. Holbrook, Jr., and D. F. Walsh, JJ., denied the defendants' application for leave to appeal (Docket Nos. 55133, 55062). The defendants seek leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The Worker's Disability Compensation Act provides that compensation shall be paid to a disabled worker for the duration of his disability. A worker found to be totally and permanently disabled is entitled to an 800-week conclusive presumption of disability. Upon the expiration of the 800-week period, the worker loses the benefit of the conclusive presumption, and an employer and its insurer are free to petition for a determination of rights on the ground that the worker's condition has changed and that he is no longer totally and permanently disabled. The burden of proving the change of condition is on the employer. In this case, the defendants failed to sustain their burden, and the order of the WCAB is affirmed.

Affirmed.

*Gerald E. Grimes* for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Dwight D. Labadie)* for defendants Russ Graham Shell Service and United States Fidelity & Guaranty Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for defendant Second Injury Fund.

PER CURIAM. The defendants in these cases claim, *inter alia,* that the Workers' Compensation Appeal Board erred in placing the burden of proof on them with regard to the question whether the plaintiff, who has received 800 weeks of benefits for total and permanent disability, continues to be totally disabled beyond the 800-week period established in MCL 418.351; MSA 17.237(351). We agree with the WCAB's ruling.

I

On April 7, 1960, plaintiff John S. Ferns sustained the loss by amputation of his left leg below the knee and amputation of part of the distal phalanges of the third and fourth fingers of his right hand in an industrial accident. At the time of this accident, plaintiff was employed by defendant Russ Graham Shell Service as a gasoline station attendant. Initially plaintiff received 500 weeks of compensation for his injuries. Thereafter, a petition was filed alleging that, because of the April 5, 1960, injury, plaintiff was permanently and totally disabled *due to insanity.* The hearing before the Bureau of Workers' Disability Compensation resulted in a denial of permanent and total disability benefits. However, on appeal, the WCAB

reversed that decision and awarded total and permanent disability benefits.

At the completion of the 800-week period, during which the plaintiff enjoyed a conclusive presumption of total and permanent disability, defendant insurance company filed a supplemental form 102 indicating that weekly compensation payments were terminated because "the 800 weeks from the date of injury on the above referenced case is up". Additionally, plaintiff was notified by the defendant Second Injury Fund by letter dated August 25, 1975, that his differential benefits would be terminated.

Plaintiff requested additional permanent and total disability benefits in a petition filed on October 30, 1975. The matter proceeded to hearing. The hearing referee found:

"*[T]hat defendants have not sustained their burden of proof* by the preponderance of the evidence (see *Johnson v Ford Motor Co,* 1977 WCABO 1596) and plaintiff does continue to be totally and permanently disabled beyond 800 weeks by reason of incurable insanity pursuant to those tests enumerated within the meaning of the act. (See *Sprute v Herlihy Mid-Continent Co,* 32 Mich App 574; 189 NW2d 89 [1971], and *Deziel v Difco Laboratories, Inc,* 394 Mich 466; 232 NW2d 146 [1975])." (Emphasis added.)

The defendants appealed to the WCAB and the board affirmed, stating:

"Defendants have failed to establish a change of condition. Plaintiff remains totally and permanently disabled due to incurable insanity as defined by *Sprute.* We therefore affirm Judge Conklin's decision and order defendants to pay plaintiff total and permanent disability benefits until further order of the bureau."

On May 1, 1981, the Court of Appeals denied the defendants' application for leave to appeal. The Second Injury Fund has filed an application for leave to appeal to this Court, as has the defendant employer and the defendant insurance company.

## II

At the time relevant to this case MCL 418.351(1); MSA 17.237(351)(1) provided:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of 2/3 of his average weekly wages, but not more than $64.00, if such injured employee has no dependents; $69.00 if 1 dependent; $75.00 if 2 dependents; $81.00 if 3 dependents; $87.00 if 4 dependents; and $93.00 if 5 or more dependents; except as provided in section 355. *Compensation shall be paid for the duration of the disability.* Weekly payments shall not be less than $27.00 if there are no dependents; $30.00 if 1 dependent; $33.00 if 2 dependents; $36.00 if 3 dependents; $39.00 if 4 dependents; and $42.00 if 5 or more dependents; except as provided in section 355. *Compensation shall be paid for the duration of the disability. The conclusive presumption of total and permanent disability shall not extend beyond 800 weeks from the date of injury and thereafter the question of permanent and total disability shall be determined in accordance with the fact, as the fact may be at that time.*" (Emphasis added.)

In concluding that pursuant to this statute the defendants bore the burden of proof, the WCAB reasoned:

"In *Pleiness v Mueller Brass Co,* 56 Mich App 169, 174; 223 NW2d 634 (1974), the Michigan Court of Appeals stated:

" 'It is only at the conclusion of that time period [800 weeks from the date of injury] that the fund can challenge the continuing nature of a plaintiff's permanent and total disability by the introduction of evidence showing a change in condition.'

"Relying upon this statement in *Pleiness, supra,* it was held in *Frescura v Briggs Mfg Co,* 1975 WCABO 593, 596, that:

" 'We believe the court did so rule and held that the Second Injury Fund had the burden to challenge the continuing nature of the employee's disablement by the introduction of evidence sufficient to establish a change in the employee's physical condition which would justify the stopping of compensation payments.'

"We agree with this position. We believe the correct interpretation of an award of total and permanent disability benefits is that it is an 'open award' of benefits that cannot be subjected to a petition to stop benefits until after 800 weeks has passed from the date of injury. The 800-week period represents the amount of time an individual is 'conclusively' presumed by our act to be totally and permanently disabled. MCL 418.351; MSA 17.237(351).

"The permanently and totally disabled category represents the most severely injured individuals under our act. The 800-week conclusive presumption is legislative recognition of this fact. We see no reason to treat this class of individuals any differently than others receiving an open award of benefits. For these reasons, we conclude that the language used to order permanent and total disability benefits should indicate that such benefits are awarded until further order of the bureau in accordance with MCL 418.351; MSA 17.237(351) as amended and interpreted. Such an order does not permit unilateral termination of benefits by the defendant or the fund at the conclusion of the 800-week conclusive presumption. To the contrary, as in other open awards, in order to legally terminate benefits, the defendants must petition for a determination of rights alleging that due to a change of condition plaintiff no longer remains permanently and totally disabled. Under such circum-

stances, the burden of proof is on the defendants to show the alleged non-entitlement to further permanent and total disability benefits."

We believe that the WCAB has accurately assessed the legislative intention in this regard. MCL 418.351(1); MSA 17.237(351)(1) specifically provides that: "Compensation shall be paid for the duration of the disability". An employee who is found to be totally and permanently disabled is entitled to an 800-week "conclusive presumption" that he or she remains so disabled. However, on expiration of that 800-week period, the employee simply loses the benefit of the conclusive presumption.

Once the legislatively bestowed benefit of the conclusive presumption has terminated, the employer and its insurer (and indeed insofar as differential benefits are concerned the Second Injury Fund) are free, as noted by the WCAB, to "petition for a determination of rights alleging that due to a change of condition plaintiff no longer remains permanently and totally disabled". Clearly the employer and its insurer and the Second Injury Fund must bear the burden of establishing that the employee, who has previously been determined to be totally and permanently disabled is no longer so disabled.

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, we affirm the order of the WCAB.

Costs to plaintiff.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.