BROWN v DEPARTMENT OF SOCIAL SERVICES

Docket No. 58742. Submitted July 15, 1982, at Detroit.—Decided March 14, 1983.

Laverne Brown, an employee of the Michigan Department of Social Services, was injured at work. Her employer paid workers' compensation benefits for approximately three months, and Brown returned to work. She later petitioned for further compensation, claiming that she suffered a continuing disability. A hearing referee found that Brown's condition was neither related to her employment nor disabling. The Workers' Compensation Appeal Board reversed the referee's decision, holding that, because the employer had stipulated that an injury had occurred which had resulted in a disability for which the plaintiff was compensated, the burden of proof was on the employer to show that the disability was not a continuing one. The WCAB awarded benefits. The defendant employer and its insuring agency, the Michigan State Accident Fund, appealed by leave granted. *Held:*

The WCAB erred. The burden of proof does not shift to the employer. The fact that some benefits were paid at the time of the injury is not determinative of the rights of the parties. It is incumbent upon the plaintiff to show that the claimed continued disability exists.

Reversed and remanded.

WORKERS' COMPENSATION — BURDEN OF PROOF — CONTINUING DISABILITY.

A workers' compensation claimant must prove entitlement to benefits by a preponderance of the evidence; further, where a claimant who has received some benefits later claims a continuing disability the claimant retains the burden of proving the disability; the voluntary payment of some benefits is not to be considered as a determination of liability (MCL 418.831; MSA 17.237[831]).

*Carl R. Edwards,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
[1] 82 Am Jur 2d, Workmen's Compensation § 534.

*Nelson, Payne & Peterson* (by *Stephen C. Bouwkamp),* for defendants.

Before: T. M. Burns, P.J., and Beasley and C. W. Simon,\* JJ.

Per Curiam. Plaintiff sought workers' compensation benefits from her employer, the Michigan Department of Social Services. She claimed that she was injured in a fall at work on June 15, 1976. Following a hearing held December 23, 1978, the hearing referee determined that plaintiff did not prove that her injuries were work-related or that they were disabling. On June 26, 1981, the Workers' Compensation Appeal Board (WCAB) reversed the hearing referee's determination. The WCAB entered an open award of $100.12 per week from June 16, 1976.

A workers' compensation benefits claimant must prove entitlement to compensation by a preponderance of the evidence. *Aquilina v General Motors Corp,* 403 Mich 206, 210-211; 267 NW2d 923 (1978).

MCL 418.831; MSA 17.237(831) provides:

"Neither the payment of compensation or the accepting of the same by the employee or his dependents shall be considered as a determination of the rights of the parties under this act."

In the present case, defendant began paying benefits retroactively to June 16, 1976, the day after plaintiff suffered her first injury. Payments were discontinued on September 30, 1976, the day plaintiff returned to work. On June 1, 1977, plaintiff petitioned for compensation, claiming a continuing disability. The hearing referee found that plain-

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

tiff's conditions were not related to her employment or disabling.

The WCAB, however, determined that the hearing referee incorrectly required plaintiff to carry the burden of proof, stating:

"the record indicated defendant paid plaintiff benefits for a period of 15 weeks and one day. We hasten to note that MCL 418.831[MSA 17.237(831)] provides that voluntary payment of compensation does not determine liability, however, when defendant stipulated, at trial, that the injury occurred and some disability resulted, the burden of proof in this case shifted from plaintiff to defendant."

Because the WCAB impermissibly shifted the burden of proof to defendant, we reverse.

At the opening of the hearing before the hearing referee, the following exchange took place:

"*The Court:* Stipulations. Can we agree both employer and employee were subject to the compensation law?

"*Mr. Nelson [defendant's counsel]:* Yes.

"*The Court:* With reference to the June 15, '76 date?

"*Mr. Edwards [plaintiff's counsel]:* Yes, your Honor.

"*The Court:* With reference to the 1977 date?

"*Mr. Edwards:* Yes.

"*The Court:* That Michigan State Accident Fund was the insurance carrier?

"*Mr. Nelson:* Yes.

"*The Court:* That the employee was in the employ of the respondent at the time the personal injury occurred?

"*Mr. Nelson:* Your Honor, the answer is yes. There is a dispute of disability subject to the time compensation was stopped.

"*The Court:* We can agree then there is only one issue, that would be the issue of disability?

"*Mr. Edwards:* Yes."

This dispute shows that defendant only stipulated that a work-related injury occurred. Defendant's attorney did state that the dispute was over whether a disability existed at the time payments were stopped. Defendant's counsel also agreed with the hearing referee's statement that disability, and presumably all disability, was in dispute. We find that the premise for the WCAB's conclusion that an admission of disability shifts the burden of proof simply does not exist. Defendant's failure to seek recovery of benefits already paid cannot be construed to be a stipulation that plaintiff was previously disabled. A contrary conclusion can be reached only if defendant's voluntary payment of benefits to plaintiff is improperly treated as a determination of liability.

Regardless of the existence of any stipulation in the present case, we fail to see the WCAB's logic in shifting the burden of proof to defendant once a work-related injury and disability had been shown. In *Aquilina, supra,* the Supreme Court stated that the plaintiff has the burden of proving a continuing work-related disability when such a disability is alleged. The WCAB's presumption of continuing disability once the disability is shown is directly contrary to *Aquilina.*

The WCAB's authority for requiring the defendant to prove that the disability is not a continuing one is unconvincing. *Hovey v General Construction Co,* 233 Mich 531; 207 NW 852 (1926), *Warner v Michigan Electric R Co,* 248 Mich 60; 226 NW 887 (1929), *Johnson v Pearson,* 264 Mich 319; 249 NW 865 (1933), and *White v Michigan Consolidated Gas Co,* 352 Mich 201; 89 NW2d 439 (1958), are inapposite. These cases involve actions brought by the employer to stop payment of previously awarded compensation benefits. In each case,

the employer was bringing the action, claiming that there was a change in circumstances regarding the claimant's physical condition. Not surprisingly, the Courts stated that the employers had the burden of showing such a change. See, also, *Ferns v Russ Graham Shell Service,* 413 Mich 550; 321 NW2d 380 (1982).

The WCAB also cites *Aalsburg v Cashion,* 384 Mich 236; 180 NW2d 792 (1970), as authority for shifting the burden of proof. *Aalsburg* concerned a dispute over which riparian owner had title to the accreted lands of Silver Lake. To infer the intent of the grantor of the lands, the Court looked to topographical surveys, and stated:

> " 'When things are once proved to have existed in a particular state, they are presumed to have continued in that state until the contrary is established by evidence, either direct or presumptive.' " *Aalsburg, supra,* p 243, quoting from 1 Jones, Blue Book of Evidence (1913 ed), p 284.

Apparently from this statement comes the WCAB rule that once a disability is shown it is presumed to continue. The obvious problem in applying *Aalsburg* to the instant case is that, unlike geographical conditions, disabilities do not automatically continue. The analogy is poor at best. In any event, by shifting the burden onto defendant to prove the lack of a continuing disability, the WCAB violated the rule of *Aquilina.* The plaintiff must bear the burden of showing that whatever disability exists continues.

Reversed. Remanded to the WCAB.