371 Mich. 209 (1963)
123 N.W.2d 719
In re TEN MILE DRAIN.
ATTORNEY GENERAL, ex rel. STATE HIGHWAY COMMISSIONER,
v.
MACOMB COUNTY DRAIN COMMISSIONER.
Calendar No. 43, Docket No. 49,952.
Supreme Court of Michigan.
Decided October 10, 1963.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, Louis J. Caruso and Florence N. Clement, Assistant Attorneys General, for plaintiffs.
John H. Yoe (Dickinson, Wright, McKean & Cudlip, of counsel), for defendants.
KAVANAGH, J.
This is an appeal from a circuit court affirmation of the Macomb county intracounty drainage board's final order of apportionment for the Ten Mile drain, under chapter 20 of the drain *211 code of 1956, as amended,[1] by which order the State was charged 9.585% of the estimated cost of the drain.
In the case of In re Petition of Macomb County Drain Commissioner, 369 Mich 641, 651, this Court held that a fair reading of chapter 20, "imposes a duty on an objector who says his assessment is too high to establish by some proof the approximate lesser amount he would have the board lay upon him." In that case it was noted that the State filed only "formal and rather conclusionary objections."
In response to the tentative apportionment in the instant proceedings, the State filed detailed objections together with a sworn and carefully engineered computation of what, to the affiant, was a properly apportionable assessment of the State's share of the total cost of the drain. Such computation appears to have been made according to the requirement of section 468 of said chapter 20,[2] which requires assessment according to benefit derived from "drainage of State highways." So far as is disclosed by the record brought here of the board's proceedings, no opposing proof or judicially noticeable matter which might fairly be said to constitute opposing proof was submitted to or received by the board.
Nevertheless, shortly before the statutory final hearing, the board informed the State highway commissioner it had found nothing in the State's objections that would alter its tentative figures. Accordingly, during the so-called "final hearing" the attorney general, on behalf of the State, caused affidavits of 2 highway engineers supporting the State's computation to be read into the record. These *212 affidavits raised serious questions whether the reviewed final order of apportionment had any evidentiary or legally recognizable support. The deposing engineers called specific attention to the current factor of imperviousness of this now highly developed area of Macomb county, compared to the condition of agricultural porosity of the same area 30 or more years ago. It is upon the former previous condition of agricultural land that the board seems to have relied exclusively in making its reviewed order.
The rapid change in land use from agricultural to urban in this area of south Macomb county creates an entirely different imperviousness and runoff factor than formerly existed. Rain falls on the roofs of houses and other buildings and is channeled through eaves to drains. It also falls on paved streets and gutters and moves rapidly through catch basins and drains to outlets. No opportunity is given the rain to soak into the ground as it would in open country. In the former Macomb county drain case (cited above), reference was made to the swift change in the use of land in this area.[3]
We now turn our attention to the already stated fact of sole reliance by the drainage board upon the observation of its engineer (Arnold F. Rockensuess) that the "6-3-1 formula" had been used by the Macomb county drain office "for over 30 years for highway drainage apportionment on major roads and that it was still in use and had been used in all recent chapter 20 drain apportionments known to him such as Bear Creek, Twelve Towns and Lorraine storm drain." Such a fact conflicts with the *213 realities of today where the area is urban rather than agricultural.
Since the 6-3-1 formula was adopted by the board in making the present reviewed apportionment, and since the formula was based solely on what might well have been fair apportionment 30 years ago, we are constrained to find that the board was guilty of an arbitrary determination constituting a demonstrable abuse of discretion.
The board, indeed, may have apportioned the cost of this drain according to its best judgment, but the phrase "best judgment" necessarily implies judgment based upon legally definable evidentiary support. There is no such support here; but there is persuasive proof, all unopposed by anything rising to the dignity of evidence, that the apportionment to the State should be calculated as 5.87% of the total cost of the drain.
Such being the only permissible conclusion at which one may arrive, on review of the board's record as certified to this Court, the circuit court order quashing the writ of certiorari is reversed, and the case is remanded for entry of an order directing that the drainage board hold a new hearing, under section 469[4] of said chapter 20, and requiring further  in the absence of new proof tending to overcome the State's present showing  that the board enter an order accepting the State's calculation of the "State highway" share.
No costs, a public question being involved.
CARR, C.J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.
NOTES
[1] PA 1956, No 40, as amended (CLS 1956, §§ 280.461-280.490, as amended and added to by PA 1957, No 37, and PA 1959, No 77 [Stat Ann 1960 Rev §§ 11.1461-11.1490]).
[2] As amended by PA 1937, No 37.  REPORTER.
[3] "Swiftly changing in recent years from lake front life and agricultural use to concentrated city, village, and residential development, the area presents an emergency need for storm water drainage and disposition of sanitary sewage." In re Petition of Macomb County Drain Commissioner, 369 Mich 641, 646.
[4] CLS 1956, § 280.469 (Stat Ann 1960 Rev § 11.1409).  REPORTER.