ATTORNEY GENERAL, *ex rel.* STATE HIGHWAY COMMISSION,
*v.* ZANTMAN INTRACOUNTY DRAINAGE BOARD

1. DRAINS—INTRACOUNTY DRAINS—ASSESSMENT—STATE HIGHWAY COMMISSION.

   Drain assessment of 20% against the State highway commission by an intracounty drainage board *held*, not arbitrary or capricious, where the requirements of the drain apportionment statute were followed, the established legal precedents were not violated, and the apportionment was fully within the power and jurisdiction of the board (MCLA § 280.468).

2. DRAINS — INTRACOUNTY DRAINS — ASSESSMENT — MATHEMATICAL FORMULA.

   An intracounty drainage board is not required to base its assessment on any mathematical formula, since there is no mandatory provision requiring this in the intracounty drain assessment statute (MCLA § 280.468).

3. ADMINISTRATIVE LAW AND PROCEDURE—ASSESSMENT—REVIEW—CROSS-EXAMINING BOARD MEMBERS.

   The practice of calling assessing officers and cross-examining them as to the mental processes used in making an assessment should not be encouraged, at least where fraud is not involved.

4. DRAINS—INTRACOUNTY DRAINS—APPORTIONING AND ASSESSING.

   Statutory authority to apportion and assess costs of an intracounty drain is given to the intracounty drain board only (MCLA § 280.468).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 25 Am Jur 2d, Drains and Drainage Districts § 38 *et seq.*
[2] 25 Am Jur 2d, Drains and Drainage Districts § 47.
[3] 2 Am Jur 2d, Administrative Law § 754.
[4] 25 Am Jur 2d, Drains and Drainage Districts § 43.
[5] 25 Am Jur 2d, Drains and Drainage Districts § 52.

5. Drains—Intracounty Drains—Review of Proceedings.
    Judicial review of assessment against State highway commission
    by an intracounty drainage board is not warranted, where
    there is evidence that the board used its best judgment, and
    neither fraud nor bad faith is claimed.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 5,726.)  Decided April 22, 1969.

Complaint by the Attorney General, on the relation of the State Highway Commission, against the Zantman Intracounty Drainage Board and its statutory members, for an order of superintending control to review a final order of apportionment of the costs of a drain.  Kalamazoo Township, a municipal corporation, intervened as a party defendant. Complaint dismissed with prejudice.  Plaintiffs appeal.  Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Louis J. Caruso, James D. Mueller*, and *Karl S. Vasiloff*, Assistant Attorneys General, for plaintiffs.

*Lloyd D. Yenner*, for defendants.

*Bauckham & Reed* (*Richard L. Lang*, of counsel), for intervening defendant.

BEFORE: Quinn, P. J., and Holbrook and T. M. Burns, JJ.

Per Curiam.  Pursuant to MCLA § 280.461 *et seq.* (Stat Ann 1968 Rev § 11.1461 *et seq.*) the Zantman Intracounty Drainage Board was created in Kalamazoo county.  The board determined that the State

highway commission's share of the cost of the drain was 20% and ascertained the assessment at that figure. The State highway commission appealed to the circuit court for Kalamazoo county, which after a full hearing affirmed the drainage board's determination. The State highway commission appeals to this Court and raises the single question: was the 20% drain assessment determined by the drainage board as the State highway commission's share of the expense of the drain arbitrary and capricious, in disregard of the law and the facts, and in excess of the board's jurisdiction?

The record in this case establishes the fact that the drainage board was properly created. Meetings were held by the board and minutes kept. The board discussed the inherent problems such as water run-off, imperviousness, benefits, contributions, and future development of the area. Complaints were heard, evaluated, and resolved. Among those complaints was that of the State highway commission objecting to its 20% assessment. The State highway commission submitted expert testimony and a mathematical computation which would set the assessment at 4.73%. The board rejected the mathematical computation of the State highway commission. There is no mandatory provision in the statute which requires the drainage board to base its assessment on any mathematical formula. *In re Petition of Macomb County Drain Commissioner* (1963), 369 Mich 641; *In re Ten Mile Drain* (1963), 371 Mich 209; *Blades* v. *Genesee County Drain District No. 2* (1965), 375 Mich 683. All of the acts of the board were accomplished in conformity with the enabling statute, specifically, MCLA § 280.468 (Stat Ann 1968 Rev § 11.1468).

Plaintiffs assert that error was committed when they were not permitted to cross-examine the drain

board members.  In the case of *In re Petition of Ma-comb County Drain Commissioner, supra,* the case of *Lowrie & Robinson Lumber Co.* v. *City of Detroit* (1926), 237 Mich 138, 141 was quoted as follows:

"But we shall not rest decision on this feature of the case, as we do not feel that the practice of calling assessing officers and cross-examining them as to the mental processes used in making the assessment should be encouraged, at least where fraud is not involved.  In *Newport Mining Co.* v. *City of Iron-wood* (1915), 185 Mich 668, 685, it was said by Mr. Justice OSTRANDER, speaking for the court:
  " 'It was held in *Chicago, B. & Q. R. Co.* v. *Babcock* (1907), 204 US 585 (27 S Ct 326, 51 L Ed 636), cited by plaintiff, that in an independent proceeding attacking the judgment of an assessing board it is improper to cross-examine the members in an attempt to exhibit confusion in their minds as to the method by which the result was reached.' "

The mathematical apportionment computation and expert testimony upon which it was based was considered by the board, but the board was not bound by it.  Statutory authority for apportioning and assessing drain costs is given to the drain board only. MCLA § 280.468 (Stat Ann 1968 Rev § 11.1468) provides:

"Apportionments against the State shall be based upon such benefits and contributions as related solely to the drainage of State highways."

In the case of *In re Petition of Macomb County Drain Commissioner, supra,* the Court ruled that the administrative decision as to the amount of the assessment was not judicially reviewable unless the record established that the assessments were not levied in accordance with the best judgment of the board.  In this case there is evidence that it did use its best judgment and therefore, no judicial review

is warranted unless there is fraud or bad faith present. Neither fraud nor bad faith is claimed herein.

After a complete record hearing, the circuit court ruled that the board's actions fully complied with the statute and that the return made by the drain board shows a satisfactory and proper basis for the determination made. The record in the instant case discloses no abuse of discretion. We conclude that the assessment was not arbitrary or capricious, the requirements of the statute were followed, the established legal precedents were not violated and the apportionment was fully within the power and jurisdiction of the board as permitted by statute.

Affirmed. Costs to defendants.