DeMOTT v BATTLE CREEK GOODWILL INDUSTRIES
(SUPPLEMENTAL OPINION)

1. WORKMEN'S COMPENSATION—LOSS OF INDUSTRIAL USE—LEGS—EMPLOYMENT-RELATED INJURIES.
   Permanent and total loss of industrial use of both legs exists where, *inter alia,* (1) an employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry, or (2) the use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry.

2. WORKMEN'S COMPENSATION—AMPUTEES—LOSS OF INDUSTRIAL USE—LEGS—EMPLOYMENT-RELATED INJURIES—STATUTES.
   A work-related injury which causes an amputee "leg-connected disabling pain associated primarily with the use of" the only leg she has, prevents the use of her "legs" in industry (MCLA 412.8a, 412.10[b] [7]).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 December 5, 1973, at Grand Rapids. (Docket No. 16413.) Decided July 22, 1974.

Claim by Vivian L. DeMott against Battle Creek Goodwill Industries, Wolverine Insurance Company, and the Second Injury Fund for workmen's compensation. Compensation for continuing disability awarded, but claim for total and permanent disability denied. Plaintiff appealed by leave granted. Remanded to Workmen's Compensation

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 288.

Appeal Board which found permanent and total loss of industrial use. Affirmed.

*McCroskey, Libner, Van Leuven, Kortering, Cochrane & Brock, P. C.* (by *James L. Waters*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Edward D. Wells*), for defendants.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William J. Szykula* and *A. C. Stoddard,* Assistants Attorney General, for defendant Second Injury Fund.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

### SUPPLEMENTAL OPINION

HOLBROOK, J. We remanded the original determination of the Workmen's Compensation Appeal Board in this case for clarification of what legal standard the board applied in determining that plaintiff had not lost the industrial use of her legs. 51 Mich App 127, 132–133; 214 NW2d 554, 557 (1974). We retained jurisdiction.

Since our opinion was released, but prior to the board's opinion on remand, the case of *Burke v Ontonagon County Road Commission,* 391 Mich 103; 214 NW2d 797 (1974), was released, which set out a comprehensive standard for reviewing claims of loss of industrial use of legs. Additional time was granted the board in order that it might correlate the standard in *Burke* with the present case.

In the board's opinion on remand, two members

in a minority opinion concluded under *Burke* that plaintiff had not lost the industrial use of her legs.

The majority opinion concluded that:

"To the extent the Court of Appeals' remand order is directed to the minority decision previously entered we here cite the Supreme Court's history of the term 'industrial loss of use' set forth in the matter of *Miller v Sullivan Milk Products Co,* 385 Mich 659; 189 NW2d 304 (1971), with particular reference to Sections a, b and c, and the cases cited therein going as far back as 1918.

\* \* \*

"The unrebutted factual proofs presented in this matter show that plaintiff herein had a left leg that was useful in industrial pursuits which enabled her to be gainfully employed until she suffered injury which arose out of and in the course of her employment on September 13, 1965. Unrebutted factual proofs show further that she had been totally disabled as a result of the injury she received to the lower left extremity from the date of the injury until the proofs were closed at the hearing nearly five years later. The prognosis of her recovery so that she could again be employed was almost nil. Plaintiff not only has established a presumption of industrial loss of use of the left leg for a period of 215 weeks, she has shown that such a fact did occur for a period greater than 215 weeks. How it can be said that she has not done so either in fact or law, defies logic. The liability of the employer should be limited to the specific loss of the left lower extremity, all as provided in Section 8a, Part 2, at the time injury occurred. Further, plaintiff should be awarded compensation beyond the period of 215 weeks pursuant to this same section and in accord with Section 9, Part 2 from the Second Injury Fund for a period not to exceed 800 weeks from the date of injury, and thereafter, as the facts may be at that time. Accounting between the fund and the employer to be accomplished by the parties in interest."

Our reading of *Burke, Miller,* and their predeces-

sors, cause us to conclude that the majority opinion on remand of the Workmen's Compensation Appeal Board applied the proper standard to this case. In *Burke, supra,* 391 Mich 114; 214 NW2d 802, Justice WILLIAMS wrote:

"There is permanent and total loss of industrial use of both legs where, *inter alia,*
"1. *An employment-related injury in one or both legs causes pain* or other condition that prevents use of both legs in industry.
"2. The *use of one or both legs,* whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." (Emphasis supplied.)

In *Miller, supra,* 385 Mich 666; 189 NW2d 307, the Court wrote:

"In *Paulson v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963), plaintiff suffered a punctured bladder and a fractured pelvis. The resulting tear in the urinary tract system permitted urine to escape into surrounding tissues. Due to constant urine drainage from the bladder through sinus tracts, a disability resulted from the presence of the fistulous sinus tract with pain resulting from any pressure being borne by either leg. This Court said (p 319; 123 NW2d 719):
" 'We construe the statute to mean that permanent and total loss of industrial use, insofar as the facts in this case are concerned, is that leg-connected disabling pain associated primarily with the use of the legs, which is so severe as to make use of the legs in industry practically impossible.' "

Defendant Goodwill Industries took plaintiff at the gate as they found her, *viz.,* an amputee. Due to a work-related injury she has "leg-connected disabling pain associated primarily with the use

of" the only leg she has. The employment-related injury has prevented the use of her "legs" in industry. The majority properly decided in accord with *Burke, Miller, Paulson,* MCLA 412.10(b)(7); MSA 17.160(b)(7), and MCLA 412.8a; MSA 17.158(1).

We affirm and retain no jurisdiction. Costs to plaintiff.

All concurred.