VILLANUEVA v GENERAL MOTORS CORPORATION

Docket No. 57582. Submitted February 10, 1982, at Lansing.—Decided
May 20, 1982. Leave to appeal applied for.

John Villanueva claimed workers' compensation benefits against
General Motors Corporation and the Second Injury Fund, alleg-
ing loss of industrial use of both legs. The administrative law
judge concluded that he was not totally and permanently
disabled within the meaning of the act. Petitioner appealed to
the Workers' Compensation Appeal Board (WCAB) which is-
sued an order and opinion affirming the decision of the admin-
istrative law judge. Petitioner then sought leave to appeal to
the Court of Appeals, alleging that the WCAB erred as a
matter of law in evaluating the injury in terms of his retained
ability to perform favored work. The application for leave to
appeal was denied, whereupon petitioner sought leave to appeal
to the Michigan Supreme Court. The Supreme Court issued an
order remanding the case to the Court of Appeals for considera-
tion as on leave granted, 411 Mich 1016 (1980). *Held:*

Under a section of the Worker's Disability Compensation Act,
there is permanent and total loss of industrial use of both legs
where (1) an employment-related injury in one or both legs
causes pain or other condition that prevents use of both legs in
industry, or (2) the use of one or both legs, whether or not
injured, triggers an employment-related injury or malady in
any part of the body, including one or both legs, that causes
pain or other condition that prevents use of both legs in
industry. The administrative law judge's finding that the evi-
dence regarding petitioner's left leg was inconclusive does not
mean that the finding was based upon a belief that either or
both of plaintiff's legs had to be actually injured. There was
medical testimony indicating petitioner could perform reason-
able and gainful employment. Findings of fact of the Workers'
Compensation Appeal Board are conclusive if there is any

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2-4] 82 Am Jur 2d, Workmen's Compensation §§ 289, 341.

competent evidence on the record to support them. There was sufficient competent evidence to support the WCAB's findings.

Affirmed.

1. WORKERS' COMPENSATION — APPEAL.

Findings of fact of the Workers' Compensation Appeal Board are conclusive if there is any competent evidence on the record to support them.

2. WORKERS' COMPENSATION — LOSS OF INDUSTRIAL USE OF BOTH LEGS — EMPLOYMENT-RELATED INJURY.

Under a section of the Worker's Disability Compensation Act, there is permanent and total loss of industrial use of both legs where (1) an employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry, or (2) the use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry (MCL 418.361[3][g]; MSA 17.237[361][3][g]).

3. WORKERS' COMPENSATION — LOSS OF INDUSTRIAL USE OF BOTH LEGS — FAVORED WORK.

The economic impact of an injured claimant's ability to perform favored work is irrelevant to the decision of cases claiming loss of industrial use of both legs, but the physical abilities of an injured claimant are germane to the factual question and should not be ignored merely because the capacity for use of the legs is expressed in terms of a claimant's ability to perform a particular type of work.

4. WORKERS' COMPENSATION — LOSS OF INDUSTRIAL USE OF BOTH LEGS.

For purposes of awarding workers' compensation specific loss benefits, the loss of industrial use of both legs means the loss of the primary service of both legs in industry.

*van Benschoten, Hurlburt & van Benschoten, P.C.,* for plaintiff.

*Munroe & Nobach, P.C.* (by *Richard R. Weiser*), for defendant General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard F. Zapala,*

Assistant Attorney General, for defendant Second Injury Fund.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

M. F. CAVANAGH, J. Plaintiff filed a petition for a hearing with the Bureau of Workers' Disability Compensation alleging permanent and total loss of the use of his legs within the meaning of § 361(2)(g) of the Worker's Disability Compensation Act of 1969. MCL 418.361(2)(g); MSA 17.237(361)(2)(g). Plaintiff was found to be disabled and entitled to a continuation of his weekly disability benefits. However, the administrative law judge concluded that plaintiff was not totally and permanently disabled within the meaning of the act because plaintiff had not lost the industrial use of both legs. Plaintiff appealed to the Workers' Compensation Appeal Board (WCAB) which issued an order and opinion affirming the decision of the administrative law judge. Plaintiff then sought leave to appeal to this Court, alleging that the WCAB erred as a matter of law in evaluating plaintiff's injury in terms of his retained ability to perform favored work. Plaintiff's application for leave to appeal was denied, whereupon plaintiff sought leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court issued an order remanding the case to this Court for consideration as on leave granted, and by this remand the instant case is now before us.

The issue on appeal is whether the WCAB erred in finding that plaintiff failed to prove by a preponderance of the evidence that he is totally and permanently disabled as defined in MCL 418.361(2)(g); MSA 17.237(361)(2)(g). Plaintiff alleges that the administrative denial of his claim

for benefits for permanent and total loss of industrial use of both legs resulted from the application of erroneous legal standards. First, plaintiff states that the administrative law judge erroneously concluded that plaintiff had not suffered the permanent and total loss of industrial use of both legs because the evidence regarding plaintiff's left leg was "inconclusive". Plaintiff claims that the initial denial was based upon the administrative law judge's erroneous belief that it was necessary that either or both legs be injured. Second, plaintiff alleges that the decision by the WCAB, affirming the decision of the administrative law judge, was based on testimony to the effect that plaintiff retained the residual ability to do favored sit/ stand work with restricted bending and lifting. Plaintiff contends that an injured claimant's ability to perform favored work is irrelevant to the determination of whether an employee has suffered the loss of industrial use of both legs, and, therefore, the WCAB's affirmance was based upon an erroneous consideration.

The scope of our review in workers' compensation cases is extremely limited. *Hahn v Sarah Coventry, Inc,* 97 Mich App 389, 397; 296 NW2d 36 (1980). A claimant before the WCAB is required to establish his or her claim by a preponderance of the evidence. Whether this standard has been met is a judgment for the WCAB. As long as the WCAB has not misapplied the governing law, its factual determinations, if supported by any evidence, are conclusive upon the reviewing court. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978); *Thorton v Luria-Dumes Co-Venture,* 347 Mich 160, 162; 79 NW2d 457 (1956).

The Worker's Disability Compensation Act provides for two types of workers' compensation bene-

fits, consisting of wage loss disability payments and schedule loss payments. MCL 418.371; MSA 17.237(371), and MCL 418.361; MSA 17.237(361). With regard to schedule loss payments, the act stated:

"(2) Total and permanent disability, compensation for which is provided in section 351 means:

\* \* \*

"(g) Permanent and total loss of industrial use of both legs or both hands or both arms or 1 leg and 1 arm; for the purpose of this subdivision such permanency shall be determined not less than 30 days before the expiration of 500 weeks from the date of injury." MCL 418.361(2)(g); MSA 17.237(361)(2)(g).

The loss of industrial use is a question of fact to be determined by the WCAB. *Miller v Sullivan Milk Products, Inc,* 385 Mich 659, 669; 189 NW2d 304 (1971). In *Burke v Ontonagon County Road Comm,* 391 Mich 103; 214 NW2d 797 (1974), the Michigan Supreme Court established the test for the loss of industrial use of both legs, holding that:

"There is permanent and total loss of industrial use of both legs where, *inter alia,*

"1. An employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry.

"2. The use of one or both legs, *whether or not injured,* triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." *Id.,* 114. (Emphasis added.)

Although both parties agree that *Burke* provides the relevant test for determining total and permanent loss of industrial use of both legs, the Supreme Court remanded this case to us for consider-

ation as on leave granted with instructions to consider the cases of *Martin v Ford Motor Co,* 401 Mich 607; 258 NW2d 465 (1977), and *Dechert v General Motors Corp,* 92 Mich App 124; 284 NW2d 751 (1979).

In *Martin,* plaintiff claimed workers' compensation benefits against Ford Motor Company and the Second Injury Fund for an employment-related disability. The WCAB found that plaintiff was totally and permanently disabled because of a back ailment but that she had not suffered the loss of industrial use of her legs and left arm. The Second Injury Fund was thus relieved of any liability for differential benefits. This Court affirmed that decision, but the Michigan Supreme Court reversed and reinstated the order of the referee awarding differential benefits. In doing so, the Court reaffirmed its prior decision in *Burke,* which held that it is not necessary for either or both legs to be injured in order to establish permanent and total loss of industrial use of both legs. The Court further held that the WCAB may not reject undisputed controlling testimony regarding plaintiff's disability, from which only one inference can legitimately be drawn, simply because the WCAB chooses to decide that plaintiff is not totally and permanently disabled.

The case before us can be distinguished from *Martin, supra.* In *Martin,* the Court reinstated the hearing referee's award of benefits because there was substantial evidence in the record which showed that plaintiff had lost the industrial use of her legs, but there was no competent testimony to support the WCAB's findings to the contrary. 401 Mich 607, 620-621. Here the record contains substantial evidence negating plaintiff's claim, as can be seen from the medical testimony of Drs. Woods

and Goodsell, who indicated that plaintiff could perform reasonable and gainful employment. Thus, this is not a case of the WCAB drawing factual inferences contrary to undisputed evidence in the record.

We also conclude that the administrative law judge's finding that the evidence regarding plaintiff's left leg was inconclusive does not mean that the finding was based upon a belief that either or both of plaintiff's legs had to be actually injured. The tests in *Burke, supra,* and *Martin, supra,* make it clear that the loss of industrial use of both legs may result from leg-connected disabling pain alone and neither leg need be injured at all. The administrative law judge's statement, "I am not satisfied with the proof of the left leg", can reasonably be interpreted to mean that plaintiff failed to prove by the preponderance of the evidence that the industrial use of his left leg was, *due to injury or severe pain,* totally and permanently lost. As previously indicated, both Drs. Woods and Goodsell testified that plaintiff could make industrial use of his legs, subject to certain restrictions regarding bending, lifting, and a sit/stand option. This evidence justified the administrative law judge in concluding that plaintiff had failed to prove that injury or severe pain resulted in the permanent industrial loss of use of plaintiff's legs.

In *Dechert, supra,* plaintiff claimed workers' compensation benefits against General Motors Corporation and the Second Injury Fund for total and permanent disability, alleging the loss of industrial use of both legs. Plaintiff was denied compensation, and the issue on appeal was whether the ability to return to favored work was a sufficient basis on which to deny worker's disability benefits for total and permanent loss of industrial use of

both legs. This Court held that the economic impact of an injured claimant's ability to perform favored work is irrelevant to the decision of a case claiming loss of industrial use of both legs. The case was remanded to the WCAB with an order to clarify its findings as to what use, if any, plaintiff could make of her legs in industry.

In *Lockwood v Continental Motors Corp,* 27 Mich App 597, 604; 183 NW2d 807 (1970), this Court found plaintiff entitled to total and permanent disability benefits where he suffered vertigo when he used his legs. This Court expressly noted that the plaintiff's ability to work while seated did not disqualify him from receiving total and permanent disability benefits and in fact relied upon the sedentary work as evidence that plaintiff had lost the industrial use of his legs. The *Lockwood* decision was specifically cited with approval by the Michigan Supreme Court in *Martin, supra,* 620, fn 14.

Both the *Dechert* and *Lockwood* decisions stand for the proposition that the economic impact of an injured plaintiff's ability to do favored work is irrelevant to a decision regarding a claim of loss of industrial use of both legs. However, as we noted in *Dechert:*

"[T]he physical abilities of an injured claimant are germane to the factual question faced by the WCAB in such cases, and should not be ignored merely because the capacity for use of the legs is expressed in terms of a claimant's ability to perform a particular type of work." 92 Mich App 124, 129.

The analysis thus should not be focused on whether plaintiff can perform "favored work", but rather on "what, if any, use plaintiff can make of

her legs in industry in 'favored work' or otherwise". *Dechert,* 92 Mich App 124, 129.

In *Pipe v Leese Tool & Die Co,* 410 Mich 510, 527; 302 NW2d 526 (1981), the Michigan Supreme Court held that, for the purposes of awarding specific-loss benefits, the loss of industrial use of a member is "determined by the loss of the primary service of [the member] in industry". (Emphasis changed.) We find that this standard offers guidance in assessing a claim of total and permanent disability resulting from the loss of industrial use of both legs. The primary service of legs includes standing and walking. In determining what use plaintiff can make of his legs in industry, plaintiff's physical abilities may be expressed in terms of his ability to perform a particular type of work. Thus, if plaintiff can perform a job which entails some walking and standing, as opposed to a sedentary job in which walking and standing are incidental to the performance of the job, then plaintiff has not lost the primary service of his legs. The fact that plaintiff may be restricted in the amount of walking and standing he can do does not mean that plaintiff has lost the primary service of his legs or that he is prevented from using his legs in industry.

In the instant case, plaintiff alleged total and permanent disability as a result of injuries to his right shoulder and both legs. The medical testimony presented was conflicting as to whether plaintiff had lost the practical use of his legs completely or whether plaintiff could perform a job which would involve no heavy lifting or bending and in which the plaintiff would have the option of sitting or standing. In affirming the decision of the administrative law judge, the WCAB found that plaintiff "has failed by a prepon-

derance of evidence to establish that his injury causes pain or other condition that prevents the use of both legs in industry". We find that there was sufficient evidence before the WCAB to support its finding that plaintiff had not sustained his burden of proving that he had lost the industrial use of both legs. Although all three doctors who examined plaintiff found that he was disabled from his previous employment, two doctors testified that plaintiff could be employed in restricted work which involved the use of his legs. The WCAB did not base its opinion on the economic impact of plaintiff's ability to perform favored work, as prohibited by *Dechert, supra,* but rather focused on plaintiff's physical ability to perform particular types of work. Such an analysis was approved by this Court in *Dechert.*

As recognized by the Michigan Supreme Court in *Thorton v Luria-Dumes Co-Venture, supra,* as long as the WCAB has not misapplied the governing law, its factual determinations, if supported by any evidence, are conclusive. We conclude that there is evidence in the WCAB's record to support its factual determination that plaintiff failed to prove by a preponderance of the evidence that he is totally and permanently disabled as defined by MCL 418.361(2)(g); MSA 17.237(361)(2)(g).

Affirmed.