HORNE v DIAMOND REO TRUCKS, INC

Docket No. 62069. Submitted November 9, 1982, at Lansing.—Decided
    April 25, 1983.

> Arthur Horne suffered a childhood injury which resulted in his
> left leg growing to be three inches shorter than his right. He
> worked for several years for Diamond Reo Trucks, Inc., as a
> driver of large trucks. In 1973 he injured his back on the job
> and was assigned to light duties. Eventually he was reassigned
> to his previous duties, which led to his resignation due to back
> and leg pains. Employers Insurance of Wausau, Diamond Reo's
> insurer at the time of Horne's injury, was ordered to pay
> benefits, and the Second Injury Fund was ordered to pay
> differential benefits based upon a finding that Horne had lost
> the industrial use of both legs. The Workers' Compensation
> Appeal Board affirmed, finding a permanent and total disability
> under a statute which allows such a finding where a work-
> related injury combines with a prior disability to cause the loss
> of industrial use of both legs. The Second Injury Fund appeals
> by leave granted. *Held:*
>
> 1. WCAB erred in finding a total and permanent disability
> based upon the loss of industrial use of the left leg due to the
> childhood injury. The applicable statute requires that both
> injuries be work-related. Horne clearly had the primary service
> of his left leg prior to his 1973 injury.
>
> 2. The WCAB also erred in finding that Horne had lost the
> industrial use of his legs on the date of the injury in 1973. He
> was not disabled from the performance of his duties until his
> last day of work in 1975.
>
> Reversed and remanded.

1. WORKERS' COMPENSATION — FINDINGS OF FACT.

> Factual determinations made by the Workers' Compensation
> Appeal Board, if supported by any evidence, are conclusive in

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 552.
[2] 82 Am Jur 2d, Workmen's Compensation § 507.
[3] 81 Am Jur 2d, Workmen's Compensation § 223.
    82 Am Jur 2d, Workmen's Compensation § 289.

the absence of fraud or the misapplication of the governing law.

2. WORKERS' COMPENSATION — PRIOR EXISTING DISABILITY — EMPLOY-MENT-RELATED INJURY.

The loss of industrial use of an employee's limbs must result from an employment-related injury for purposes of a provision of the Worker's Disability Compensation Act concerning prior existing disabilities (MCL 418.521[1]; MSA 17.237[521][1]).

3. WORKERS' COMPENSATION — LOSS OF INDUSTRIAL USE OF LEGS.

Permanent and total loss of industrial use of both legs may be found where, *inter alia:* (1) an employment-related injury in one or both legs causes pain or other condition that prevents the use of both legs in industry, or (2) the use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry (MCL 418.361[3][g]; MSA 17.237[361][3][g]).

*Sablich, Ryan, Bobay & Pollok, P.C.* (by *Theodore P. Ryan),* for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell),* for Diamond Reo Trucks, Inc., and Employers Insurance Company of Wausau.

*Munroe & Nobach, P.C.* (by *Peter Munroe),* for Michigan Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard F. Zapala,* Assistant Attorney General, for the Second Injury Fund.

Before: T. M. BURNS, P.J., and BEASLEY and K. HANSEN,* JJ.

PER CURIAM. Defendant Second Injury Fund appeals by leave granted from a Workers' Compen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sation Appeal Board decision affirming and modifying the hearing referee's award of compensation benefits to plaintiff.

Plaintiff injured his left hip and left leg when he was ten years old, in 1933, when he fell from a tree, causing his left hip to become fused and his left leg to grow to be three inches shorter than his right leg. In June, 1944, defendant Diamond Reo Trucks hired plaintiff and eventually assigned him to drive large trucks, such as semi-tractor/trailers. On September 24, 1973, he injured his back at work while trying to upright a truck transmission which had fallen on its side. Defendant Employers Insurance of Wausau was Diamond Reo's workers' compensation insurance carrier at that time. After several weeks of bed rest and treatment, plaintiff returned to work but was assigned light duties, consisting primarily of driving a pickup truck on local errands. Toward the end of 1974, and in early 1975, Diamond Reo began to lay off other truck drivers. Consequently, it reassigned plaintiff to drive the larger trucks, both locally and out of town. Although this reassignment caused more strain on his back, plaintiff drove the larger trucks until April 4, 1975, when he quit due to back and leg pains. Diamond Reo's workers' compensation insurance carrier on plaintiff's last day of work was defendant Michigan Mutual Liability Company.

Plaintiff eventually filed a petition for hearing with the Bureau of Workmen's Compensation. The hearing referee found that plaintiff was injured on September 24, 1973, and that as a result plaintiff "sustained the industrial loss of use of both lower extremities * * * and has been totally and permanently disabled * * * since at least 10/27/75". The hearing referee ordered that Employers Insurance was required to pay weekly compensation benefits

to plaintiff and that the Second Injury Fund was to pay differential benefits beginning August 23, 1975. He stated that plaintiff's disability was not deemed to continue beyond an 800-week period from the injury date found in the decision. It was further found that Michigan Mutual was not liable for the payment of any compensation benefits to plaintiff.

The Second Injury Fund filed a claim for review of the hearing referee's decision and in an opinion and order dated December 17, 1981, the WCAB made the following findings:

"1. Plaintiff's left leg was industrially useless after his childhood injury.

"2. Plaintiff's right leg became industrially useless on September 24, 1973, as the result of his injury at work that day (Drs. Badgley and Hoekman).

"3. Plaintiff's work after his return to work in December, 1973, did not produce a new date of injury. The heavier work he did in 1975 prior to his last day of work produced only symptomatic aggravation of his underlying condition (Dr. Harris).

"4. Plaintiff suffered the loss of industrial use of both legs on September 24, 1973.

"5. MCL 418.521(1) applies to this case given plaintiff's prior loss."

This Court granted the Second Injury Fund's application for leave to appeal. The Second Injury Fund now contends that the WCAB erred in finding that plaintiff had lost the industrial use of his left leg during his childhood and in awarding total and permanent disability benefits to plaintiff pursuant to MCL 418.521(1); MSA 17.237(521)(1).

This Court's scope of review in workers' compensation cases is extremely limited. As long as the WCAB has not misapplied the governing law, its

factual determinations, if supported by any evidence, are conclusive in the absence of fraud. *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978); *Villanueva v General Motors Corp,* 116 Mich App 436; 323 NW2d 431 (1982).

MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.,* provides for two basic types of benefits: 1) scheduled benefits, and 2) general disability benefits. *Johnson v Harnischfeger Corp,* 414 Mich 102; 323 NW2d 912 (1982). MCL 418.521(1); MSA 17.237(521)(1) was enacted to encourage the hiring of handicapped employees and to ensure that they will be compensated for the full extent of their disability. *Whitt v Ford Motor Co,* 383 Mich 726, 730-731; 178 NW2d 917 (1970). Whether or not a loss constitutes permanent disability within the meaning of the section must be evaluated in light of this purpose. *Nulf v Browne-Morse Co,* 402 Mich 309, 312; 262 NW2d 664 (1978).

*Burke v Ontonagon County Road Comm,* 391 Mich 103; 214 NW2d 797 (1974), requires the employee to show that he suffered loss of the substantial use of the limb in industry based on loss of the "primary service" of the limb. See also *Kidd v General Motors Corp,* 414 Mich 578; 327 NW2d 265 (1982); *Pipe v Leese Tool & Die Co,* 410 Mich 510, 521-528; 302 NW2d 526 (1981); *Pintar v Copper Range Mining Co,* 79 Mich App 518; 261 NW2d 69 (1977), lv den 402 Mich 892 (1978). The injury must have prevented the use of the leg in industry. *DeMott v Battle Creek Goodwill Industries (Supplemental Opinion),* 54 Mich App 311; 220 NW2d 694 (1974).

The WCAB found that plaintiff had lost the industrial use of his left leg after his childhood injury. However, the testimony established that

plaintiff used his left leg extensively during his employment as a truck driver before his injury on September 24, 1973. We find that the WCAB misapplied the governing law on loss of industrial use of a limb. Plaintiff clearly had the primary service of his left leg in industry before his September 24, 1973, injury. Therefore, he did not suffer a permanent disability due to loss of the industrial use of his left leg within the meaning of MCL 418.521(1); MSA 17.237(521)(1). Accordingly, the WCAB erred in applying this section of the act to this case.

We also find that the WCAB erred in finding that plaintiff had lost the industrial use of either his right leg or both legs on September 24, 1973. In *Burke, supra,* the Supreme Court stated:

"In summary, *Paulson [v Muskegon Heights Tile Co,* 371 Mich 312; 123 NW2d 715 (1963)] and *Lockwood [v Continental Motors Corp,* 27 Mich App 597; 183 NW2d 807 (1970)] lay down two tests for determining whether an employment-related injury statutorily causes the 'permanent and total loss of industrial use of both legs':

"1. It is not necessary that both legs or either leg be injured at all.

"2. The industrial loss of use of both legs may result from 'leg-connected disabling pain * * * so severe as to make use of the legs in industry practically impossible' even though that pain is generated from an injury elsewhere in the body *(Paulson)* or it may result 'when a non-leg malady is triggered by use of the legs and it is that condition which prevents use of the legs in industry' *(Lockwood).*

"*Miller [v Sullivan Milk Products, Inc,* 385 Mich 659; 189 NW2d 304 (1971)] rules, while *Paulson* and *Lockwood* take for granted that:

"The 'leg-connected disabling pain' or the 'non-leg malady' must be the consequence of an employment-related injury.

* * *

"There is permanent and total loss of industrial use of both legs where, *inter alia,*

"1. An employment-related injury in one or both legs causes pain or other condition that prevents use of both legs in industry.

"2. The use of one or both legs, whether or not injured, triggers an employment-related injury or malady in any part of the body, including one or both legs, that causes pain or other condition that prevents use of both legs in industry." 391 Mich 110-111, 114.

Whether or not particular testimony meets the *Burke* test in establishing permanent and total disability due to industrial loss of use of both legs is a mixed question of law and fact and subject to appellate review. *Johnson, supra.* Here, the record shows that, after his return to work following the September 24, 1973, injury, plaintiff performed light duties until late 1974, or early 1975, when he returned to driving the larger trucks. Dr. Harris reported and plaintiff agreed that his back and legs were much improved when he was discharged from Dr. Harris's care in September, 1974. Plaintiff also stated that he quit work in 1975 because he could no longer drive the larger trucks.

The record shows that the September 24, 1973, injury did not prevent plaintiff from using either his right leg or both legs in the course of his employment as a truck driver until April 4, 1975, his last day of work. Accordingly, the WCAB erred in finding that plaintiff was totally and permanently disabled due to industrial loss of use of both legs since September 24, 1973.

Reversed and remanded to the Workers' Compensation Appeal Board for a disposition consistent with this opinion.